THE CITY OF LEAVENWORTH AGT. CYRUS HICKS.

*Practice: Default: Trial: Damages: Motion: Judgment: Notice.*

1. The court may exercise a sound discretion as to the time when a case, in which the defendant is in default, may be called for trial or assessment of damages.

2. The provisions of section 547 of the Code, that a motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the next succeeding term, merely prescribes the time within which a party may come into court to vacate a judgment in an action which had not been properly entered on the trial docket. The party may make his motion at the same term at which the judgment is rendered; and when such a motion is made, and the party appears, at the same term, for the purpose of the motion, it is not error for the court to hear and determine it.

3. Where a default and judgment were entered at May term, 1859, being the second term after judgment, and the defendant then appears

and moves the court to suspend proceedings, in order to enable him to file a motion to vacate the judgment, it was not error to deny the motion.

4. A defendant duly summoned, but who has made default, is not entitled to notice of the assessment of damages.

ERROR from the District Court of the First Judicial District in and for Leavenworth County.

*By the Court*—WILLIAMS, J.

On the 12th day of April, 1859, Cyrus Hicks filed his petition and precipe for action, in the district court of Leavenworth county, against the city of Leavenworth. By his petition he claimed damages of the city, as a corporation, for injury to his real estate situated on Cherokee street, in consequence of the alterations of the grade of said street, Delaware, Third and Fourth, by which the water flowing down said street was turned upon his premises and his cellar flooded, insomuch that he was thereby prevented from enjoying the legitimate use and benefit of his premises. His damages are laid at the sum of four hundred and eleven dollars and ninety-five cents, for which sum he claims judgment, with costs. The record shows that a summons was duly issued and served, on the 6th day of April, 1859, and returnable on the 8th day of April, A. D. 1859. At the May adjourned term of the district court for the county of Leavenworth, the cause was ordered for trial, the defendant was called, but failed to appear and answer to the petition of the plaintiff, whereupon a default was entered. An order for an inquiry of the damages to be recovered by the plaintiff, was

11

made by the court on the same day. At the December term, 1859, on motion of the plaintiff's attorney, the cause was referred to A. F. Callahan, as master commissioner, to take an account between the parties, and assess the damages of the plaintiff, and make report thereof at the same term of the court. Afterwards, on the 13th day of December, 1859, the attorney of the plaintiff caused a notice to be issued by the court, informing the defendant that the plaintiff would be called to testify in the case, service of which was accepted by the attorney of the defendant, on the 10th day of December, 1859. A certificate of his appointment was issued to A. F. Callahan, the commissioner, and on the 13th day of December, 1859, the master commissioner filed his report in the court as follows, viz.: "That from the evidence I have taken in this case, which is attached hereto, and made part hereof, marked 'A,' I find there is now due from the defendant the sum of four hundred and eleven dollars and ninety-five cents."

On the 17th day of December, 1859, on motion of the plaintiff's attorney, the report of the master commissioner was confirmed as filed, and judgment thereon entered by the court. Afterwards, at the same term, the attorney of the defendant appeared in court and made his motion to vacate the judgment, which motion was overruled, to which ruling of the court defendant's counsel excepted. The counsel for the defendant then made his motion " to suspend proceedings on the judgment rendered, until the motion to vacate be heard, and until it would have been duly

reached in its order on the trial docket of the court." This is subtantially the state of the record, as the case is therein presented. The bill of exceptions taken by the defendant's counsel, certified by the judge, and on file here, presents the following grounds of error, viz. : " The refusal of the court to suspend proceedings in the case, until the motion to vacate, modify or set aside the judgment, should be argued," and in this, that the court refused said proceedings, although the judgment was rendered in said cause at the time when divers other causes were upon the trial docket of the court yet untried, and not disposed of in advance of said cause, and because " the court decided that no notice was necessary to be given by the master commissioner to defendant, to be present at the assessment of damages, after default in the case and reference to said commissioner." Upon these allegations of error he asks a reversal of the proceedings. As this case is presented to us by the record of the court below, we find no ground for a reversal of the judgment and proceedings thereon. For aught that appears, properly, before us, the case was regularly set and called for trial, and the defendant having been duly notified to appear and answer to the petition of the plaintiff in the action made default. After the judgment of the court was rendered, she appeared, by her attorney, and moved the court to vacate the judgment rendered against her, on the ground that other causes which were placed on the trial docket, and which preceded this one on the calendar, were not tried or disposed of. This obligation can not be recog-

nized as valid.   It frequently happens that, upon call-
ing the causes for trial, as they stand entered upon
the docket of the court, some of them which stand
first in the order of procedure, as prescribed by the
code, are not in condition for trial, and are passed, by
consent of parties, or for good cause shown to the
court; when such is the case, it will not be seriously
urged that the causes next in order may not be called
for trial, and that the business of the term must be
suspended until those having priority of place on the
trial docket, shall be disposed of.   Such a construc-
tion of the code, and practice thereon, would tend to
unreasonable delay and great inconvenience of suitors,
and would thwart the manifest design of judicial pro-
cedure.   The code prescribes the manner in which
the trial docket shall be made up for each term of the
court, and the order in which the causes shall be
called for trial, but certainly it can not be urged that
the court may not exercise a sound discretion as to
the matter here complained of by the defendant below.
She was not in court at all, until after the judgment
had been rendered, having failed to appear, notwith-
standing service had been made on her in accordance
with the requirements of the law.   And then she
comes into court and seeks to vacate the judgment on
grounds which most certainly have no relation to a
meritorious defense to the action.   The Code, 1859,
sec. 547, page 173, provides: "That the motion to
vacate a judgment, because of its rendition before the
action regularly stood for trial, can be made only on
the first three days of the succeeding term," and this

is cited on behalf of the plaintiff here, to show error in the ruling of the court below, in this cause. We understand this enactment to prescribe the time within which a party may come into court to vacate a judgment which has been entered against him in an action which had not been properly entered on the trial docket. But we think the legislature never could have intended that when a judgment had been regularly entered, the plaintiff should be delayed until the next term of the court, and prevented from proceeding to execution thereon, upon the mere allegation that the defendant would make a motion to vacate the judgment. The defendant had time, until the next term, and within the three first days thereof, to make her motion, or she might come in at the term, when the judgment was rendered, and show good cause for the setting aside the judgment, and waive the time allowed by the statute. In this cause she did come in at the term in which the judgment was rendered, was heard, and her motion was overruled by the court. This appearance, legally viewed, must be considered voluntary. The court did not, because it could not, compel her to come in for the purposes of this motion. Having thus appeared, it was not error for the court to hear and determine the motion. In this cause the default and judgment were entered at May term, 1859, the defendant made no appearance in the case until December term, 1859, being the second term after judgment, and then appears, to move the court to suspend proceedings until the next succeeding term. In order to enable her to file a motion to vacate the

judgment, the effect of this would be to transcend the limits of the statute, which *allows* the party, against whom the judgment has been entered, to come in " within the three first days of the term next succeeding that when the judgment was rendered. On this point we find no error in the proceeding of the court below. As to the other error complained of, that defendant was not notified by the master commissioner of the proceeding in assessment of damages, we think it sufficient to say that she was duly summoned to appear and answer to the whole case. The summons was disregarded. A default, in due course of law, was entered. It was her right and duty to appear, if she chose to do so, either to put in a defense to the action, or, after default, to guard her interest in the matter of assessment of damages; but the law did not require that, after default, second notice of assessment should be given to her. The legal effect of the summons was sufficient notice to her for all the proceedings of the cause, until the rendition of the judgment.

ORDER.—The judgment of the court below, and the proceedings thereon, is affirmed.