# SUPREME COURT,

## STATE OF KANSAS.

## January Term, 1867.

PRESENT—Hon. S. A. KINGMAN, Chief Justice.
Hon. L. D. BAILEY, } Associate Justices.
Hon. J. SAFFORD,

## Daniel Hill v. Elias Williams.

1. PETITION: REQUISITES OF. Section 548 of the code of 1859, (section 570, code of 1868,) provides that the proceedings to vacate or modify a judgment or order shall be by petition, verified by affidavit, setting forth: 1st. " The judgment or order " complained of; 2d. The grounds to vacate or modify it; " and 3d. "The defense to the action, if the party applying was defendant." A petition which does not comply with the statute in setting forth each of these requisites is insufficient.

2. JUDGMENT: HOW SET FORTH. " Setting forth " a judgment or order, is done only by stating the same in full, in its own terms, and showing when, and by what court, it was given or made.

3. FACTS: HOW STATED. When " fraud practiced by the successful party," is alleged, *the facts* showing such fraud, must be stated or set forth in a plain and concise manner as in other cases. Mere " knowledge" of certain facts, is not sufficient; the *fraudulent acts and proceedings of such party, designed and practiced* for the purpose of

2

securing an unfair or unjust judgment, must be clearly shown. When "unavoidable casualty or misfortune" is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

4. ATTORNEY: ABSENCE OF. No mere business engagement will excuse the non-appearance of an attorney at the trial of an action.

### Error from Bourbon District Court.

PROCEEDING to vacate a judgment, and for a new trial —instituted under sections 546 and 548 of the code of 1859, Comp. L., 222, (code of 1868, sections 568, 570, p. 742.) The petition in this case states that Williams had brought ejectment against Hill to recover the possession of 160 acres of land, that a trial was had in defendant's (Hill's) absence, and "that the said defendant (Williams) then and there did obtain a judgment against this plaintiff for the sum of three hundred and seventy-five dollars damages, forty dollars costs, and for the possession of said land." The petition also alleges that in the action of ejectment Hill had filed an answer, containing a general denial, and "setting up other matters of defense, and asking affirmative relief," on which answer issue was joined; that at the fall term, 1865, when the action was reached for trial, the district judge being unable to try the case, "it was continued by agreement until the next term, and that it should then be tried by Hiram Griswold, as *pro tem.* judge; that at the next term the case was reached and tried in Hill's absence, before C. P. Twiss, *pro tem.* judge; that A. D. had been employed by Hill as "his attorney to attend to said suit for him;" that said A. D. "was unexpectedly called to the State of New York on business and not present when said cause was tried;" that J. T. B. "was employed to assist said A. D. in said suit, who, for some cause unknown to plaintiff, was absent when said suit was tried;" that "not only were his said

attorneys absent at said trial, but the plaintiff was himself absent; that more than four days before the first day of said term of court plaintiff was taken with a severe fever, and was confined to his bed, and remained sick for more than two weeks, under the care of a physician, about sixteen miles distant from the court house; that the physician advised plaintiff that the going to and attending court would greatly endanger his life; and that of all these facts defendant (Williams) had full knowledge "—and that during his said illness, defendant caused said action to be tried before said Twiss as aforesaid, "in utter disregard of his agreement that the same should be tried before said Griswold;" that "his sickness and the absence of himself and attorneys, and the fraudulent and wrongful acts of the defendant, as aforesaid, wholly prevented him from making his defense; and that his not making a defense was not caused by any want of diligence or care on his part, but was caused solely by the reasons aforesaid." The petition was verified by the plaintiff Hill.

To this petition the defendant interposed a demurrer that "said petition does not state facts sufficient to constitute a cause of action." The cause was tried at the October Term, 1866, Judge VALENTINE presiding. The demurrer was sustained by the court; and the plaintiff not desiring to amend his petition, judgment was rendered for the defendent. The plaintiff brings the case to this court, and assigns as error the sustaining of the demurrer.

*M. V. Voss* for plaintiff in error.

The objection urged on the argument in the court below, was, that " the petition did not show that due diligence had been used in defending the suit in which judg-

ment was obtained." The district court sustained this objection. This objection is not well taken. Section 546 of the code (of 1859) has superseded the old chancery proceeding to vacate judgments and orders; it has enlarged the common-law rule, and modified the rigor of the chancery practice as it existed prior to the code.

Under the old system, judgments at law have been set aside, new trials granted, or perpetually enjoined in cases no stronger than the case at bar. *Powell v. Spalding*, 3 G. Greene's., 443; *Sage v. Matheny*, 14 Ind., 369; *Beams v. Dunham*, 2 Scammon, 58; *Picket v. Morris*, 2 Wash., 227; *Mosby v. Leeds*, 3 Cal., 439.

And where the defendant was taken sick, see *Rich v. Bank*, 7 Humph., 523; *Hurd v. Desham*, 5 Cal., 259; *Hubbard v. Hobson*, 1 Ill. R., 190; *Holt's Executors v. Graham*, Bibbs, 192; *Cunningham v. Badwell*, Hardin, 123; *Regal et. al. v. Wood*, 1 John. Ch. R., 402; *Livingston v. Hubbs*, 4 John. Ch. R. 512; *Troup v. Wood*, 4 John. Ch. R., 228; *Bacon v. Bronson*, 7 Johns. Ch. R., 194; 1 Story's Eq. Jur., sec. 188, 189.

And ignorance of facts held as sufficient: *Gardner v. Hardy*, 12 Gill & John., 355; *Winthrop v. Lane*, 3 Desaussure, 310; *Farming v. Farmers and Mech. Bank*, 8 Smede & Marshall, 137; *Goad v Holt*, id. 787: *Newton v. Field*, 16 Ark., 216; *Ingleshart v. Lee*, 4 Maryland Ch., 314.

The rule on which chancery proceeds to set aside a judgment is well stated by Marshall, C. J. He says: " Any fact which proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident unmixed with any fault

or neglect of himself or agent, will justify an application to a court of chancery."

*D. P. Lowe,* for defendant in error:

What a petition to vacate a judgment shall contain, is prescribed ,by section 548 of the code, which provides that " the proceedings to vacate or modify the judgment or order" shall be by petition, verified by affidavit setting forth—1st, " The judgment or order;" 2d, " The grounds to vacate or modify it;" 3d, " And the defense to the action if the party applying was defendant."

Unless, therefore, the petition complies with the statute in setting forth each of these three requisites, and under them shows a legal ground for vacating the judgment, the action was not well brought; and whatever the petition may allege, that does not come within the scope of these three elements, is to be deemed as simply surplusage. Whatever statement of fancied rights or imaginary grievances the plaintiff may have interpolated into his petition, must go for nothing, unless they constitute the proper elements of the cause of action as thus defined by the statute.

1. As to " setting forth the judgment or order." The only averment of the petition that aims at a compliance with this provision of the statute is as follows: " And the plaintiff further avers that the said defendant then and there did obtain a judgment against this plaintiff for the sum of three hundred and seventy-five dollars damages, forty dollars costs, and for the possession of said land." This is not setting forth the judgment; it is only the pleader's statement that the plaintiff obtained a judgment *for* certain things. " Setting forth " the judgment is done only by a statement of the same *in full, in its own terms.*

2. "The grounds to vacate or modify the judgment." Of the nine enumerated causes in section 546 of the code for vacating a judgment and granting a new trial, the fourth and seventh only may be supposed to have any relevancy to the averments of the petition. The fourth is as follows: "For fraud practiced by the successful party in obtaining the judgment or order." It is not averred in the petition that the judgment was obtained by fraud practiced by the plaintiff; and the pretense of fraud must rest solely upon the fact that the action was tried before Twiss as *pro tem.* judge, and not before Griswold. Notwithstanding there was a consent of parties at the previous term to try the cause before Griswold, yet there could be no irregularity, much less fraud, in trying before another *pro tem.* judge, unless there was an opportunity to try it before Griswold, and the plaintiff by some wrongful act procured its trial otherwise. A consent to try the cause before a specified *pro tem.* judge would not exclude the jurisdiction of the court to try it by any legally constituted judge. Had a disinterested regular judge of the district court succeeded to the bench before the trial term, it could not be contended that the previous consent of parties to try by a *pro tem.* judge would operate to oust his jurisdiction. So in the present case. The cause being regularly reached for trial, it was the right of the plaintiff to have a trial, and had the person previously designated been present and willing to try the cause, no doubt it would have been so tried. But if not present, what then? The consent was to try before Griswold *at the next term.* If he was not there, if it could not be tried before him, the consent was inoperative and determined, and the plaintiff had the right of trial in the ordinary course of proceeding by the election of a

*pro tem.* judge; and it was the duty of the regular judge of the court to see that such right was secured to him. It is nowhere alleged that Griswold was present, or that the case could have been tried before him, or that any act of the plaintiff prevented his presence, or a trial by him. What possible ground then is there for attributing fraud to the plaintiff in the premises? But how does the plaintiff in error suffer by the trial before one *pro tem.* judge rather than another? The defendant in error was entitled to a trial at that term, according to the previous consent, as well as by the regular course of business; and unless a judge had been elected the case must have been continued.

3. As to the seventh subdivision of section 546. This is, "for unavoidable casualty or misfortune preventing the party from prosecuting or defending." The petition is wholly destitute of any averment that *the plaintiff was prevented* from defending " by unavoidable casualty or misfortune." Two facts are alleged which are claimed to be unavoidable casualty or misfortune: *first*, the absence of the plaintiff's attorneys, and *second*, the sickness of the plaintiff. The petition informs us that A. D., one of his attorneys, was called off on business to the State of New York. *When?* It is not stated. Did not the plaintiff know it in time to procure other counsel? The presumption that he did so know is not negatived. He had employed J. T. B., it is said, to assist A. D., and he was also absent; but no reason whatever is assigned for his absence; nor does it appear but that the plaintiff *had notice* that he would not attend. For all that the petition states, the plaintiff may have known for weeks or months before the term that the attorneys named would not attend at the trial. It is not so much

as alleged that he had not employed other counsel, nor that he was not represented by attorney at the trial, nor indeed that an attorney was necessary to his defense. There is no averment that he had used diligence to prepare for trial, that he had subpœnaed a single witness, or that he had a witness to prove anything.

"No mere engagement of a business character will be received as an excuse for non-appearance of counsel." *Post v. Wright*, 1 Caines, 3.

There is certainly in the petition an entire failure to show that any inevitable casualty or misfortune prevented the appearance of counsel.

4.  It is stated in the petition that the plaintiff resided *about* sixteen miles from the court house, that he was taken sick four days before the term, and was unable to attend court. He could certainly have brought the fact of his illness to the knowledge of the court. Did he send an affidavit of that fact to the court, or his physician's certificate, and request a continuance? Did he make any effort to do so? Was he unable to do so? The petition allows us to assume the contrary of all this. There is no statement that his presence as a witness was necessary to his defense, nor that he sent an affidavit of what his own testimony would be, so as to lay the ground for a continuance. Surely a man cannot be allowed thus to lie by without subpœnaing a witness, without taking a deposition, without sending an affidavit, without knowing whether he has counsel or not, without making any effort to bring the fact of his illness to the knowledge of the court, living within two hours ride of the court house, and call such acts of gross negligence, if he wished to defend, "unavoidable casualty and misfortune." There is no direct averment of unavoidable casualty prevent-

ing the party from defending; but the plaintiff relies solely upon the specific facts alleged.

It is averred "that his not making defense was not caused by any want of diligence or care on his part, but was caused solely by the reasons aforesaid." It is not a negative of "the want of diligence and care" that entitles a party to a new trial. There may be both diligence and care, and yet no unavoidable casualty or misfortune. "That a defendant is absent out of the state at the time of the service of a summons by leaving a copy at the place of his residence, and is ignorant of the pendency of the action until after judgment by default, is not unavoidable casualty or misfortune, though it prevents the defendant from making a defense." Seeney's Code, p. 409.

How much less, then, after answer, the neglect to procure counsel, or the fact of illness, not serious, within a few miles of the court house. *Breach v. Casterton*, 7 Bing., 224; 1 Gra. & Wat. on New Trials, 166, *et seq.*

5. The third requisite of section 548 is: "The defense to the action, if the party applying was defendant." Inasmuch as the plaintiff in error had answered in the action wherein the judgment complained of was rendered, it must follow that the plaintiff cannot avail himself of matter for a new trial which was not embraced within his original defense. The petition states that the plaintiff caused an answer to be filed in the original action, which "denied each and every allegation contained in said petition of said Williams, and also set up other matters of defense, and asked affirmative relief." What these other matters of defense were, or what was the affirmative relief asked, is not pretended to be alleged. For the purposes of this inquiry, therefore, the case

should be treated as though a general denial was the only defense. The petition of the plaintiff contains a narrative of certain events said to have transpired between the plaintiff and defendant; but it is not pretended that this was originally set up in his answer; and it would be idle to claim that it would have been admissible for any purpose under a general denial.

The defendant in error insists that it satisfactorily appears from the petition of the plaintiff that he had no merits under which to defend the action; that his neglect to defend, if he had any desire to do so, was inexcusable laches, and not unavoidable casualty and misfortune.

—The case was heard and decided in this court at the January Term, 1867. No written opinion was filed. The court concurred, in the main, in the views expressed by counsel for defendant in error.

*By the Court:* The judgment of the district court is affirmed.