## LUMON H. REED V. JOSEPH C. WILSON.

NEW TRIAL; *Unavoidable Casualty and Misfortune.* An averment, in a petition to vacate a judgment, that certain glaring errors occurred at the trial, that the trial closed on the 3d, and the term of court on the 5th of the same month, and that owing to their press of business these errors were accidentally omitted by counsel from the motion for a new trial, does not disclose any "unavoidable casualty or misfortune," within the meaning of the statute.

### *Error from Labette District Court.*

REED filed a petition in the district court, as authorized by § 568 of the civil code, to vacate a judgment previously given by said court against him and in favor of *Wilson*, and for a new trial of said action, on the alleged ground that "by reason of unavoidable misfortune" *Reed* was "prevented from properly defending" said action. To this petition *Wilson* demurred; and at the July Term 1873 the district court sustained the demurrer, and gave judgment against *Reed* for costs. *Reed* brings the case here on error. [The brief of plaintiff in error is entirely devoted to questions arising on a motion for a "new trial" in the *original action* of "Wilson against Reed." No attempt is made to show that the petition demurred to in *this case* states facts showing "unavoidable casualty or misfortune," preventing *Reed* from properly defending said action.]

*Ayres & Fox*, for plaintiff in error.

*F. A. Bettis*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error was sheriff of Labette county, and had seized certain cattle upon execution. Plaintiff in error claimed that the cattle belonged to him, and not to the defendant in the execution. He brought an action of replevin, and was beaten. A motion for a new trial was made and overruled, and judgment rendered against him for

$1,000, the value of the property as found by the jury. Thereafter he filed a petition to vacate such judgment. A demurrer thereto was sustained, and of this ruling he now complains. We think the ruling of the district court was correct. The authority for this mode of procedure is found in § 568 of the code, (Gen. Stat., 742,) and the particular clause under which this petition was filed is the seventh: "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending." Now we think the petition comes far short of showing any "unavoidable casualty or misfortune." It alleges that upon the trial the court admitted certain evidence of the continuance of a partnership, which his counsel had advised him was not admissible, and which he was not therefore fully prepared to rebut, and that there was no sufficient evidence of the value as found by the jury; that the trial closed on the 3d, and the term of court on the 5th, of April, and that owing to their press of business these points were accidentally omitted by his counsel in the motion filed for a new trial. Clearly this does not show "unavoidable casualty or misfortune," within the meaning of the statute. It is for the interest of the public, as well as of the parties, that there be a speedy end of any litigation. After trial and verdict, motion for a new trial, and judgment, the proceedings should not be disturbed, and the litigation reopened, except upon a clear showing that the rights of the defeated party have been lost by unavoidable casualty or misfortune.

The judgment of the district court will be affirmed.

All the Justices concurring.