## THE BABCOCK HARDWARE COMPANY v. THE FARMERS' AND DROVERS' BANK.

JUDGMENT — *Notice of Motion to Vacate.* Where a motion is filed to vacate a judgment because of its rendition before the action regularly stood for trial, during the term at which said judgment was rendered, and is continued by order of the court to the next term, *held,* error for the court to refuse to hear such motion because notice thereof was not served within the first three days of such succeeding term.

*Error from Kingman District Court.*

ACTION by the *Farmers' & Drovers' Bank* against the *Babcock Hardware Company* on promissory notes. At the April term, 1889, there was judgment for plaintiff, and defendant's motion to set aside the judgment was overruled, and it brings error. The facts are substantially stated in the opinion herein, filed February 11, 1893.

*L. M. Conkling & Son,* for plaintiff in error:

1. The three-days limit does not apply to the notice, but to the motion only. The clause says motion, and not notice. Nowhere in the clause is the word "notice" used. Hence, if a motion to vacate a judgment is made on the ground specified

in this clause, and is made in the first three days of the suc-
ceeding term after the judgment is rendered, it would be in
time, and the court is legally bound to hear it, upon notice
given to the adverse party.   The motion was duly made,
filed, and put on the motion docket of the court on the 25th
day of February, 1889, while the December term of the court,
at which said judgment was rendered, was still in session,
and was pending therein long before the April term of the
court came on.   See *Hanson v. Wolcott*, 19 Kas. 209.

2.  Suppose that the court was powerless to vacate the judg-
ment on the ground specified in the latter clause of § 569, be-
cause the notice of the motion was given after this three-days
limit had expired: we still contend that this three-days limit
would not apply to the other grounds set up in the motion,
and that the court erred in refusing to hear the motion on
these other grounds.   Several objects may be included in the
same motion.   Code, §§ 533, 569.

3.  Our contention is, that in all cases where the code re-
quires notice of a motion to be given the adverse party, the
hearing of a motion without giving this notice would be ir-
regular, unless the adverse party voluntarily appears.   The
object of a notice is only to apprise the adverse party of the
step about to be taken in the action by the moving party.
Again, we insist that, in all cases where the code requires a
motion to be made within a certain specified time, and the
motion is made within this specified time, it is then duly be-
fore the court, and must be heard and determined.   We hold
that due notice of the motion had been given, and that the
latter clause of § 569 has reference to the motion, and not to
the notice.   It is the time of making the motion, and not the
time of giving the notice, that controls.

*Leslie & Crawford*, for defendant in error:

If this court can say, from the record before it, brought
here by the plaintiff in error as the facts in the case—as the
true situation of matters—that the motion is not tenable,
then the court must, in the same breath, say that no material

error has been committed, no substantial right has been affected. Error must not only be shown clearly and affirmatively, but such error must be material and prejudicial to the party complaining. *Comm'rs of Brown Co. v. Roberts*, 22 Kas. 762, and the cases there cited; *K. P. Rly. Co. v. Little*, 19 id. 267.

This court will look to the effect of a reversal, and consider the facts as shown by the record as applied to the error complained of. *Wilson v. Price Raid Auditing Com.*, 31 Kas. 261.

We think that plaintiff in error has failed to show any ground for a reversal of this case.

The opinion of the court was delivered by

ALLEN, J.: The facts in this case are as follows: The Farmers' and Drovers' Bank presented a claim to C. H. Alexander, as assignee of the Babcock Hardware Company, for allowance on two promissory notes, amounting to $8,000. The bank admitted having received, through the collection of collateral notes, $3,800. The hardware company, as assignor, filed its answer to the claim of the plaintiff below, alleging that the bank had received a large amount of property belonging to the hardware company, which was fully described in the answer, amounting in all to $14,495, and asking that it be set off against the claim of the plaintiff, and for an allowance of the balance against the bank. The matter was heard before the assignee, who found from the evidence that the Farmers' and Drovers' Bank was indebted to said Babcock Hardware Company in the sum of $345.73, for which sum the assignee rendered judgment against the bank. From that judgment the bank appealed to the district court of Kingman county. The case was regularly set for trial in the Kingman county district court on the 22d day of December, 1888.

The case, however, was called up by the plaintiff on the 6th day of December, 1888, 16 days before the time it was set for trial as shown by the case, although the journal entry reads the 8th of December. The journal entry shows that

the plaintiff was present by its attorneys, Lydecker & Cooper, and the defendant by its attorney, L. M. Conkling, and that judgment was rendered, by consent, in favor of the plaintiff, against the hardware company, for $4,180.86. Afterward, on the 25th day of February, 1889, during the same term of court at which said judgment was rendered, and while the court was still in session, the defendant filed a motion to set aside said judgment, on the ground that said judgment was improperly and irregularly rendered, having been set for the 22d of December, 1888, and judgment rendered on the 6th, and that the judgment was rendered without the knowledge or consent of the defendant, and without a trial of the issues therein.  This motion is supported by a number of affidavits, which seem to show that the only authority for entering such judgment came from C. S. Babcock, who was a director of the hardware company.  The affidavits state that he had no authority to bind the company, or to act for it in the suit pending.  The assignee testifies by affidavit that the judgment was rendered without his knowledge or consent, and that Babcock had no authority to adjust, or settle, or to consent to a judgment being rendered.  Conkling, the attorney, admits having been present at the time the judgment was rendered, but says that on the morning of the 6th day of December, while he was on his way to the court room, he was met by Babcock, and that Babcock informed him the case was adjusted between the plaintiff and defendant, but did not tell him how much of a judgment was to be rendered; that Babcock told him that it was all understood by all concerned; that in the court room the plaintiff's attorney called the case up, and announced that the case had been settled, and Babcock being present, assented to such statement, and judgment was entered, after the cashier of the plaintiff stated to the court the amount agreed upon; and that Babcock requested Conkling not to oppose the matter, as it was understood by all the parties interested.

The motion was filed and placed on the motion docket of the district court on the 25th day of February, 1889.  On

the 4th of March, being still at the December term of court, the motion was called up for hearing by the defendant's counsel. The court declined to hear it, and the motion was continued to the next term by general order. On the 2d day of April, 1889, the spring term of court commenced, and the motion was again called up by the defendant's counsel, and was put over until Saturday, the regular motion day. On Saturday it was again called up, and the plaintiff's attorneys objected to the hearing of the motion, on the ground that no notice had been served on them. This objection was sustained, and notice was required to be given for at least three days before the hearing. On the 6th day of April the defendant served a written notice of motion on plaintiff's attorneys, notifying them that the motion would be heard on the 9th day of April, 1889, or as soon as might be thereafter. Afterward, on the 25th of April, the motion came on for hearing, whereupon the plaintiff objected to the hearing of the motion, on the ground that notice of the hearing of said motion had not been given and served within the first three days of the succeeding term of said court after the rendition of said judgment, and the defendant had lost the right to make said motion; and, after the argument of said objection by the respective counsel, the court ordered that said objection of the plaintiff be sustained, and the defendant excepted.

Afterward, on the 25th day of April, 1889, the defendant filed a motion for a new hearing and a new trial, which motion the court overruled, and the defendant excepted.

The defense set up in the hardware company's answer, if true, is an ample defense against the plaintiff's claim. Section 568 of the code provides that—

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which said judgment or order was made: . . . *Third,* for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order."

Section 569 provides:

"The proceedings to correct mistakes or omissions of the

clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 575 provides:

"Proceedings for the causes mentioned in subdivisions 3 and 6 of section 568 shall be within three years."

In the case of *Leavenworth v. Hicks,* McCahon, 160, this court decided that the provisions of § 547 of the code, that a motion to vacate a judgment because of its rendition before the action regularly stood for trial can be made only on the first three days of the next succeeding term, merely prescribe the time within which a party may come into court to vacate a judgment in an action which had not been properly entered on the trial docket. The party may make his motion at the same term at which the judgment is rendered; and when said motion is made, and the party appears, at the same term, for the purpose of the motion, it is not error for the court to hear and determine it.

Counsel for the defendant in error, in their brief, challenge the truthfulness of the record brought to this court, and assert that "it is padded with misstatements." We, however, feel constrained to consider the facts presented by the court rather than the counsel's statements of them. Counsel for the plaintiff in error contend that the only question to be considered by this court is, as to whether the court erred in refusing to hear their motion to set aside the judgment. Counsel for the defendant in error, however, contend "that the question now is, did the court commit material error in sustaining the objection of the defendant to the hearing of said motion at the time and as the same was presented?" and they also say, "We think the all-important question before this court is as to the merits of their motion," and contend that this court should inspect the entire record and determine the merits of the application of the plaintiff in error to set aside the judgment.

We think that the defendant's motion was filed in time, and that it was not necessary in this case for the defendant to have served notice of the motion at any time earlier than it was served. Counsel for the defendant in error say in their brief that by agreement of parties the motion was continued from the term at which the judgment was rendered to the April term. If that statement be correct, no notice was necessary. The only purpose of a notice is to bring the party into court, and where a voluntary appearance to a proceeding is made, no notice is required. We think counsel for the plaintiff in error is correct in their contention as to the question presented to this court, and that this court can only decide as to the right of the plaintiff in error to a hearing on his motion to set aside the judgment rendered against the hardware company. This court cannot pass on the merits of that motion until it has been decided by the district court. While it may be that, if it were apparent on the record that this motion was groundless, the court might feel called upon to decline to require a hearing by the court below on the motion, yet we are not able to say from this record that the motion was groundless. On the other hand, while we do not attempt to decide the question, it appears to us that sufficient facts were presented to the trial court to merit judicial examination and decision. The motion was filed in time, was properly before the court for consideration, and should have been considered and decided by it.

The order of the district court refusing to hear the motion to set aside the judgment will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.