## THE BABCOCK HARDWARE COMPANY *v.* THE FARMERS' AND DROVERS' BANK.

FRAUD — *Vacation of Judgment.*—In an action by a bank against a corporation, where a corrupt agreement is entered into, by which the plaintiff procures the president of the defendant corporation, in consideration of the payment to him of $1,000, to appear in court before the time when the case is set for trial, and consent to a judgment for the amount claimed by the plaintiff, where such appearance and consent are unauthorized by the defendant, and altogether fraudulent, and the defendant has a good defense to the plaintiff's claim, the defendant may by petition, under § 570 of the code of civil procedure, obtain a vacation of such judgment.

### *Error from Kingman District Court.*

ACTION by the *Babcock Hardware Company* against the *Farmers' & Drovers' Bank* to vacate a judgment. Judgment for defendant, and plaintiff brings error.

*L. M. Conkling & Son,* for plaintiff in error.

*S. W. Leslie,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff in error filed a petition in the court below, under § 570 of the code of civil procedure, to vacate a judgment which had been rendered by that court in favor of the defendant in error against the plaintiff in error. To this petition a demurrer was filed and sustained, and this proceeding is for the purpose of reversing this ruling of the court. The judgment sought to be set aside is the same as that attacked by motion, from the ruling on which a petition in error was also filed in this court. The report of the decision of the case then presented is contained in 50 Kas. 648.

It is said by counsel for defendant in error that since that decision the judgment has been set aside, and that by reason of the insolvency of the hardware company the further prosecution of the case was abandoned, and the judgment has become final. No proof of this fact, however, has been pre-

18—54 KAS.

sented to this court, and it is, therefore, necessary to pass on the sufficiency of the petition filed by the plaintiff in error. Its averments are very prolix and circumstantial. It alleges that the judgment was rendered by the consent of the president of the hardware company; that such consent was procured fraudulently and corruptly; that the plaintiff paid him $1,000 for appearing and consenting to the judgment, and that this was done long before the date at which the case was set for trial on the docket. The petition also states facts which, if true, constitute an ample defense to the claim of the bank. The petition further alleges that the action of the president of the defendant was unauthorized, and taken without the knowledge or consent of the defendant. For the purposes of this case, all the averments of the petition must be taken as true, whether so in fact or not. We think a corporation can be relieved from the consequences of the corrupt action of its president, as against the party who has procured and induced such action and is in possession of the fruits of it. In this case, the hardware company is not seeking to found a cause of action on the corruption of its own representatives, but merely to be relieved from the consequences of such corruption as against a party to the fraud. The ruling of the court sustaining the demurrer is reversed.

All the Justices concurring.