## LINDSEY *et al.* v. GOODMAN.

No. 6091.    Opinion Filed April 25, 1916.

(157 Pac. 344.)

1.    **JUDGMENT—Vacation—Proffered Pleading.**  A general denial contained in a proffered answer attached as an exhibit to a motion to set aside a judgment is not sufficient to warrant a vacation of the judgment.

2.    **JUDGMENT — Vacation — Grounds — Fraud.**  When fraud practiced by the successful party is alleged, the facts showing such fraud must be stated or set forth in a plain and concise manner, as in other cases. Mere knowledge of certain facts is not sufficient; the fraudulent acts and proceedings of such party, designed and practiced for the purpose of securing an unfair or unjust judgment, must be clearly shown.

3.    **JUDGMENT — Vacation — Unavoidable Casualty or Misfortune.**  When "unavoidable casualty or misfortune" is alleged, the facts

must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

4. **NEW TRIAL—Grounds—Negligence of Attorney.** The negligence of the party is no ground for a new trial. The provision of the Code is: "Accident or surprise which ordinary prudence could not have guarded against." And the negligence of the attorney is the negligence of the party, within the meaning of the subdivision. The attorney is the agent of the party for the purposes of the trial, and the party cannot make his attorney's negligence a ground for relief.

5. **JUDGMENT—New Trial—Grounds—Negligence or Misconduct of Attorney.** It is the general rule that neither ignorance, mistake, nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating a judgment or granting a new trial. Neither will relief be ordinarily granted by the way of a new trial on the ground that the attorney, through design, ignorance or negligence, mismanaged the defense. The negligence of the attorney is the negligence of the party.

6. **TRIAL—Calling Case—Attendance by Attorney.** While courts do frequently, and we may say do ordinarily, have counsel notified or called when a case is reached for trial, this is done as a courtesy and not as a duty, and it is no abuse of discretion for a trial court to call a case which stands on the day's calendar for trial and proceed with the trial, even though the defendant or his counsel is absent, where no request is made to postpone the cause and no permission to be absent has been given by the court.

7. **JUDGMENT—Vacation—Ground.** It is for the interest of the public, as well as of the parties, that there be a speedy end of any litigation. After trial and verdict, motion for a new trial, and judgment, the proceedings should not be disturbed, and the litigation reopened, except upon a clear showing that the rights of the defeated party have been lost by unavoidable casualty or misfortune.

8. **WITNESSES—Competency—Testimony as to Transactions With Persons Since Deceased.** No party to a civil action shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner, or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. Section 5049, Rev. Laws 1910.

(Syllabus by Davis, C.)

*Error from Superior Court, Tulsa County;*
*M. A. Breckenridge, Judge.*

Action by Elizabeth Goodman, administratrix of the estate of Charles D. Goodman, against L. W. Lindsey and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Chas. F. Fildes,* for plaintiffs in error.

*Jno. Y. Murry, Jr.,* for defendant in error.

Opinion by DAVIS, C. The parties herein will be designated as in the trial court; plaintiffs in error will be mentioned as defendants, and the defendant in error as plaintiff, in the body of the opinion, after the statement of facts.

This suit was instituted in the superior court of Tulsa county, Okla., on the 23d day of May, 1912, by defendant in error against plaintiffs in error, to recover on two plain promissory notes. On June 19, 1912, plaintiffs in error filed in said cause a motion to make one count of the petition more definite and certain and filed a general demurrer to the other count. On January 18, 1913, both said motion and demurrer were by the court overruled, and plaintiffs in error were required to answer the petition within 10 days from this date, or on or before January 29, 1913. On February 11, 1913, neither of plaintiffs in error having answered, defendant in error demanded and obtained a judgment by default against each of them on each of said counts. On the same day, on motion of attorneys for plaintiffs in error, said judgment was vacated and set aside, and plaintiffs in error granted 10 days thereafter, or until February 21, 1913, within which to answer. On May 24, 1913, on motion of defendant in error, a judg-

ment by default (being the second judgment by default) was, by the trial court, rendered against plaintiffs in error in favor of defendant in error, being in the sum of $1,-512.22, with interest and costs, and duly entered of record. On November 13, 1913, plaintiffs in error filed in said court and cause a motion to set aside and vacate said (second) judgment last mentioned, and to be permitted to defend in said action and to file their answer. On December 16, 1913, a demurrer theretofore interposed by defendant in error to said petition to vacate having been sustained, plaintiffs in error were allowed by the court to amend their said petition, the same being filed on the 22d day of December, 1913, said amendment being by way of substitution for section 3 of said original petition to vacate a redrafted section bearing the same number. On January 24, 1914, a demurrer theretofore interposed by defendant in error to said petition as amended was by the court sustained; said demurrer being in words and figures as follows:

"Comes now the plaintiff by attorney and demurs to the amended petition of defendants to vacate the judgment heretofore rendered in said cause, filed on the 22d day of December, 1913, for the reason that said petition, as amended, does not state facts sufficient to constitute a cause of action and relief in favor of said petitioners and against the plaintiff herein.

"JNO. Y. MURRY,
"Attorney for Plaintiff."

The only error assigned in the petition in error in this cause is as follows:

"That the court erred in sustaining the said demurrer of the defendant in error to the petition (as amended) of plaintiffs in error, wherein they prayed for an order

setting aside and vacating the judgment theretofore rendered in said cause, with leave to defend therein and to file their answer then and there exhibited to the court as part of their said petition."

The grounds to set aside and vacate the second judgment by default against the defendants are contained in the petition to vacate, and in the amendment thereto, and in the proffered answer attached thereto and marked "Exhibit B," said petition to vacate, with the amendment thereto, reads as follows:

"Come now the defendants in the above-stated cause and represent and show to the court the following facts:

"(1)   That on the 24th day of May, 1913, the said plaintiff obtained a judgment against the said defendants in the aforesaid action in the sum of $1,512.22 and costs, as will more fully appear by reference to a copy of said judgment, marked Exhibit A and hereto attached as part hereof.

"(2)   That the said judgment was obtained by fraud of the successful party, plaintiff herein, by reason of the following matter, to wit:   That the said party plaintiff was the wife of the said decedent, Charles D. Goodman, and she was advised of the fact that the debt, as evidenced by the two several notes mentioned in said Exhibit A, had been satisfied and discharged during the lifetime of the said Charles D. Goodman, and that although regular on their face, the said notes were in truth and in fact void.

"(3)   That the recovery of said judgment was made possible because of unavoidable casualty or misfortune, preventing the defendants from defending said cause, to wit:   That the defense of said cause was assumed by said L. W. Lindsey, that he employed counsel to represent said defendants herein, and that during the progress of said cause he was absent from the city of Tulsa, and that his counsel wrote him concerning the necessity for his presence at court, as he has been advised and informed, since

the rendition of said judgment, but the letter did not reach him, due to one of two circumstances—either the letter was lost in the mail or was erroneously delivered to one T. W. Lindsey, who received his mail at the same post office as L. W. Lindsey.

"(4)   That defendants were never legally notified of the time and place of taking such judgment.

"(5)   Said defendants further state that they have a good and valid defense to the petition of the plaintiff herein, as more fully set out in the answer hereto attached, marked Exhibit B and made a part of this petition.

"Wherefore said defendants pray this honorable court to set aside and vacate the judgment heretofore rendered in this cause, and to permit said defendants to defend in this action, and that their answer hereto attached as Exhibit B be filed herein as his answer to the petition of plaintiff.

"CHAS. L. FILDES, *Attorney for Defendants.*"

That thereafter, to wit, on December 16, 1913, plaintiff's demurrer to said petition to vacate said judgment, theretofore filed, coming on to be heard was sustained, and defendants were allowed ten days to amend said petition to vacate.

That thereafter, to wit, on December 22, 1913, defendants, by leave of court, filed an amendment to their said petition, which is in words and figures as follows:

"Come now the defendants, by leave of court, and amend their petition in said cause by striking therefrom paragraph No. 3, and inserting in lieu thereof the following, to wit:

"(3)   That the obtaining of said judgment was made possible because of unavoidable casualty or misfortune to defendants, whereby they were prevented from defending said cause, to wit: That the defendant L. W. Lindsey was

the principal maker of said note, and Lilah D. Lindsey, an accommodation endorser thereof; that the defense of said cause was assumed by said L. W. Lindsey, who at the request of said Lilah D. Lindsey, and by mutual agreement between them at the commencement of said action, became her agent in the premises; that said L. W. Lindsey employed counsel to represent said defendants herein, and that immediately thereafter he returned to his farm in Wewoka township, in said county of Tulsa, 17 miles distant from the city of Tulsa, in which township he has been and is a registered voter and where he has lived and resided for the two years last past; that in his consultation with counsel at the time of their employment as aforesaid, counsel advised him that the petition was, in their opinion, so subject to demurrer that it was not then necessary to consider with him the merits of his defense, and that in the event his presence in court should become necessary, they would advise him thereof through the United States mails; that subsequently his counsel did write him (as he has learned since the rendition of said judgment), but the letter from his said attorneys did not reach him, due to one of two circumstances—either the letters were lost in the mail or were erroneously delivered to one T. W. Lindsey, who received his mail at the same post office as he, the said L. W. Lindsey; that defendants had faith in the integrity and diligence of their said attorneys, and still have faith in their integrity and diligence, and the failure of said letters to reach said defendant L. W. Lindsey was not due to negligence on the part of their said attorneys or to any negligence on their part, but solely to the miscarriage of said letters in the mail as aforesaid.

"CHAS. L. FILDES, *Attorney for Defendants.*"

And the said answer aforesaid being as follows:

"Come now the defendants in the above-stated cause and for answer to the plaintiff's petition heretofore filed herein, allege and state as follows, to wit:

"(1)    That they deny each and every allegation in said petition contained not hereinafter specifically admitted to be true.

"(2)    That they admit to be true, as alleged, that the said decedent, Charles D. Goodman, departed this life some time during the month of December, 1907; and they further admit to be true that on December 29, 1906, they executed the two certain promissory notes in said petition described as Exhibits A and B, and allege the truth to be that the said defendants, L. W. Lindsey and Lilah D. Lindsey, executed said notes respectively as principal and accommodation indorser.

"(3)    Further answering, said defendants allege that on or about said December 29, 1906, they purchased of said decedent, Charles D. Goodman, 90 acres of land, situate in close proximity to the town of Sulphur, in said State of Oklahoma, the purchase price thereof being $90 per acre, the whole aggregating the sum of $8,100, all of which, saving and excepting the sum of $1,000 was then and there paid in cash, and the said $1,000 paid with the said notes described as Exhibits A and B; and that the said exhibits were made and delivered by said L. W. Lindsey to said decedent in lieu of the balance of his proportionate part of the said purchase price, the said Lilah D. Lindsey then and there becoming an accommodation indorser on said notes as aforesaid.

"(4)    That said defendants forthwith surveyed and platted said premises as an addition to the said town of Sulphur, and incurred in and about said undertaking a large expense in excess of the said purchase price.

"(5)    That after completing the aforesaid survey and platting, and prior to the death of said decedent, and before maturity of either of said notes described as Exhibits A and B in said petition, the title to said premises purchased as aforesaid by said defendants was clouded by attacks from adverse claimants who brought actions to recover possession thereof. and as a

result therefrom defendants were for several years unable to make a marketable title to the whole or any of the lots in said addition, whereby and by means whereof, being restricted to the execution of contracts of sale rather than deeds for said premises, they sustained great financial loss.

"(6)    That in view of the premises and in consideration thereof, the said Charles D. Goodman, in his lifetime, and before maturity and presentation of either of said notes, agreed to and with defendants to cancel and discharge said notes as void and without consideration, and did then and there declare them void, canceled and discharged.

"(7)    That the defendants, by reason of the aforesaid agreement, made in pursuance of the said considerations moving thereto as aforesaid, were then and there, by the said decedent, jointly and severally absolved from the liability under the said notes or either of them.

"Wherefore defendants pray that the judgment heretofore rendered in said cause may be vacated, the execution canceled, and that plaintiff recover nothing herein, and that they be allowed their costs in this behalf most wrongfully sustained.

"CHAS. L. FILDES, *Attorney for Defendants.*"

Did the trial court commit reversible error in sustaining the demurrer of the plaintiff to the petition of the defendants to set aside and vacate the second default judgment against them?    We think not.

The general denial set out in the first paragraph of said answer is not sufficient to warrant a vacation of the judgment. *Thompson et al. v. Caddo County Bank,* 15 Okla. 615, 82 Pac. 927.

The allegation that the judgment was obtained by fraud of the plaintiff, as set forth in the second ground

or paragraph of the petition of the defendants to set aside the second judgment by default against them, if true, is not sufficient to set said judgment aside.

"When 'fraud practiced by the successful party' is alleged, the facts showing such fraud must be stated or set forth in a plain and concise manner, as in other cases. Mere 'knowledge' of certain facts is not sufficient; the fraudulent acts and proceedings of such party designed and practiced for the purpose of securing an unfair or unjust judgment, must be clearly shown." (*Hill v. Williams*, 6 Kan. 17; *La-the v. McDonald*, 7 Kan. 254; *Munro v. Callahan*, 55 Neb. 75, 75 N. W. 151, 70 Am. St. Rep. 366; *Barr v. Post*, 59 Neb. 361, 80 N. W. 1041, 80 Am. St. Rep. 680.)

Section 1612, Statutes of Nebraska 1907, being identical with section 5267, Revised Laws of Oklahoma 1910. See, also, *Welch et al. v. Challen*, 31 Kan. 696, 3 Pac. 314; *Ohio & W. Mtg. & T. Co. v. Carter et al.*, 9 Kan. App. 621, 58 Pac. 1040.

The allegations concerning unavoidable casualty or misfortune preventing the defendants from defending this action in the court below, as set forth in the third and fourth grounds or paragraphs of the defendants' petition to vacate, *supra*, if proven to be absolutely true, are not sufficient, then, in our judgment, under the law, to warrant the setting aside of said second default judgment.

"When 'unavoidable casualty or misfortune' is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches." (*Hill v. Williams*, 6 Kan. 17; *Holderman v. Jones*, 52 Kan. 743, 34 Pac. 352; *Snow v. Mitchell*, 37 Kan. 636, 15 Pac. 224;

*Hanna v. Morrow,* 43 Ark. 107; *Smith v. Phinizy,* 71 Ga. 641.)

"The negligence of the party is no ground for a new trial. The provision of the Code is: 'Accident or surprise which ordinary prudence could not have guarded against.' And the negligence of the attorney is the negligence of the party, within the meaning of the subdivision. The attorney is the agent of the party for the purpose of the trial, and the party cannot make his attorney's negligence a ground for relief." (Hayne on New Trials, sec. 80.)

In the case of *Wynn v. Frost,* 6 Okla. 89, 50 Pac. 184, wherein the doctrine of *Welch v. Challen, supra,* was expressly approved, the Supreme Court of the territory, speaking through Dale, C. J., after approving the doctrine of *Welch v. Challen,* took occasion to remark:

"We think this rule a salutary one, and that it should be applied in this territory, and especially is this true under the facts of this case."

"Do such loss and the negligence on the part of his attorneys excuse him from perfecting his appeal within the statutory time? We think not. The acts of an attorney are, in law, the acts of his client. This rule, though harsh at times, is nevertheless just and right. If a party, when bringing a suit, or when called upon to defend an action against him, in exercising his judgment and discretion in employing counsel, is so unfortunate as to employ counsel who are negligent, and who fail to properly prosecute or defend his action, he alone should suffer the consequences of their negligence, and should be relegated to his action for damages against them. Graham and Waterman, in their work on New Trials, in volume 3, on page 1520, say: 'It is a settled rule that a new trial ought not to be awarded on account of the neglect of the agent or attorney of the party applying for it; for such neglect is equivalent to the neglect of the party

himself, and he may have a remedy over against his attorney or agent. The privilege of managing the prosecution or defense of a suit, by agent or attorney, is not peculiar to those who are physically incapable of attending to it themselves. The same privilege is allowed by law to every person, and wherever the law allows the same privilege the same legal consequences must follow from it.' Horton, C. J., in the case of *Holderman v. Jones* (52 Kan. 743), 34 Pac. 352, says: 'It is the general rule that neither ignorance, mistakes, nor the misapprehension of an attorney, not occasioned by the adverse part, is any ground for vacating a judgment or granting a new trial. Neither will relief be ordinarily granted by the way of a new trial on the ground that the attorney, through design, ignorance, or negligence, mismanaged the defense. The negligence of the party is no ground for a new trial. The negligence of the attorney is the negligence of the party.' This doctrine is also laid down in Freem. Judgm. sec. 508, and is upheld by many other authorities too numerous to cite in this opinion. A careful examination of the authorities convinces us that when a party to a suit takes time in which to prepare and serve a case-made for the Supreme Court, and his attorneys, within the time allowed by the trial court, make and serve such case-made on the attorneys for the adverse party, and the case-made so served is lost, and no explanation is made in the petition for new trial as to how such loss occurred, other than that 'it was mislaid and lost without the fault of the party or his attorney,' and the petition for new trial contains no allegation as to the time of such loss, but alleges that his attorneys neglected to have his case-made settled and signed by the trial judge within time, and neglected to appeal within one year after final judgment, such loss and the negligence of the party's own attorneys are no excuse for not perfecting his appeal within the statutory time, and do not constitute such unavoidable casualty or misfortune as would prevent him from prosecuting or defending, or as would entitle him to maintain a suit for a new

trial, under section 588 of the Code of Civil Procedure of the Statutes of Oklahoma of 1893." (*Marshall v. Marshall*, 7 Okla. 240, 54 Pac. 461, opinion by Burwell, J.)

"The next contention is that the trial court erred in taking the case up and proceeding to trial in the absence of the defendant and his counsel. The plaintiff in error supported his motion for new trial by the affidavit of his counsel, from which it appears that two or three other cases were on the calendar for trial on the day his case was tried, and were ahead of his case in their order, and that the court, without notice to him, skipped two of these cases and called the case at bar, and his contention is that it was an irregularity in the proceedings and abuse of discretion by which he was prevented from having a fair trial. In support of his position he cites section 4204, Stat. 1893: 'The trial of an issue of fact and the assessment of damages in any case shall be in the order in which they are placed on the trial docket, unless by the consent of the parties or the order of the court they are continued or placed at the heel of the docket, unless the court in its discretion shall otherwise direct. The court may in its discretion hear at any time a motion, and may by rule prescribe the time for hearing motions.' This statute simply prescribes an order of business, and leaves the whole matter subject to the discretion of the court. Its provisions are not intended to be mandatory, and the trial court is vested with full power within its discretion to try causes in such order as it shall direct, having in view the best interests of the public and the economical and speedy dispatch of the business before the court. The defendant in the case at bar knew his case was upon the calendar for trial that day; he knew it was liable to be called at any time one of the other cases were not on trial; the ones preceding his might be continued, judgment rendered *pro forma* by agreement, dismissed or passed by consent of parties, all of which might be done in a moment's time. It was his duty to be in court and remain there until his case was called, unless excused by

the court. It is the usual and customary practice for counsel in causes on call to either remain in court or to get leave of absence from the court either for a definite time or until called. The defendant in this case offers no reasonable excuse for his absence. His counsel had been in court and left without asking to be excused or procuring permission. He was a business man, engaged in commercial business within three blocks of the courthouse; his business at the store was more important to him than his case in court, and he remained at his store. His counsel left the courtroom without calling the attention of the court to his purpose and went to notify his client to be prepared to leave his store when called, all of which shows that it was their purpose to let the public business await their convenience and give them time to get ready after the case was reached in its order. While courts do frequently, and we may say do ordinarily, have counsel notified or called when a case is reached for trial, this is done as a courtesy and not as a duty, and it is no abuse of discretion for a trial court to call a case which stands on the day's calendar for trial and proceed with the trial, even though the defendant or his counsel is absent, where no request is made to postpone the cause and no permission to be absent has been given by the court." (*Linderman v. Nolan*, 16 Okla. 352, 83 Pac. 796.)

See, also, *Green v. Bulkey*, 23 Kan. 130; *M., K. & T. Ry. Co. v. Crowe*, 9 Kan. 496; *Masters v. McHolland*, 12 Kan. 17; *Mehnert v. Thieme*, 15 Kan. 368; *Ragan v. James*, 7 Kan. 354; *Union Pac. Ry. Co. v. Horney*, 5 Kan. 340; *Weems v. McDavitt*, 49 Kan. 260, 30 Pac. 481; *City of Leavenworth v. Hicks*, McCahon, 160, 1 Kan. (Dass. Ed.) 571; *Watson v. Voorhees*, 14 Kan. 328; *First Nat. Bank of Parsons v. Wentworth*, 28 Kan. 183; *Bigsby et al. v. Eppstein et al.*, 39 Okla. 466, 135 Pac. 934, and numerous decisions cited therein.

"It is for the interest of the public, as well as of the parties, that there be a speedy end of any litigation. After trial and verdict, motion for a new trial, and judgment, the proceedings should not be disturbed, and the litigation reopened, except upon a clear showing that the rights of the defeated party have been lost by unavoidable casualty or misfortune." (*Reed v. Wilson*, 13 Kan. 153.)

Counsel for defendants had no right to presume and to advise their client:

"That the petition was, in their opinion, so subject to demurrer that it was not then necessary to consider with him the merits of his defense, and that in the event his presence in court should become necessary, they would advise him thereof through the United States mails," etc.

Frequently it happens, as it did in this case, that counsel in so presuming hug to their bosoms the delusive phantom of a forlorn hope. Better by far to prepare the legal conflict on the theory of utter loss and ruin and to stand firm and solid on the battlefield "from early morn 'til noon, and from noon 'til dewy eve," with all eyes alert, and all hands on the guns stubbornly contesting every inch of the ground, keeping in mind the while the old adage, "That the race is not to the strong, but to the vigilant."

The defense pleaded in the proffered answer must be a good defense. 23 Cyc. 950. The averment in the second ground or paragraph of defendants' petition to vacate to the effect that the plaintiff was the wife of the said decedent, Charles D. Goodman, and that she was advised of the fact that the debt, as evidenced by the two several notes mentioned in plaintiff's Exhibit A to the petition, had been satisfied and discharged during the lifetime of the said Charles D. Goodman, and that although regular on their face, the said notes were in truth and in

fact void, coupled and considered with the sixth and seventh grounds of defense as pleaded and contained in the proffered answer, could not avail the defendants anything, and proof thereof could not be offered or given in evidence upon the trial of this cause on account of section 5049, Rev. Laws, 1910. The portion of said section applicable herein reads as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

In this action the plaintiff is the administratrix of Charles D. Goodman, deceased, and acquired title to the cause of action immediately from such deceased person, and the defendants to the action are expressly precluded from testifying in their own behalf in respect to any transaction or communication had personally by them with such deceased person.

In the case of *Wadleigh v. Parker et ux.*, 34 Okla. 213, 124 Pac. 957, Ames, C., quotes section 5049, *supra*, the same being at that time section 5841, Comp. Laws 1909, and holds under the facts in the case that:

"Under section 5841, Comp. Laws 1909, no party is allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the representative of such deceased person. In a suit on a note by the administrator of the deceased person, the defendant pleaded usury. A statement, part of which was in the handwriting of the deceased person, was offered in evi-

dence, and the defendant was permitted to testify that
this statement was given by the deceased person, and that
the various items shown on the statement were intended
to represent the usurious transaction, and that he paid a
usurious rate of interest for the money. *Held*, that this
testimony related to a 'transaction' with the deceased per-
son, and that it was error to admit it." *Nunnally v.
Becker*, 52 Ark. 550, 13 S. W. 79; *Cunningham v. Phillips*,
4 Okla. 169, 44 Pac. 221; *Blount v. Blount* [158 Ala. 242,
48 South. 581, 17 Ann. Cas. 392] 21 L. R. A. (N. S.) 755,
and note; *American Trust Co. et al. v. Chitty et al.*, 36
Okla. 479, 129 Pac. 51; *McDonald v. McLaughlin et ux.*, 32
Okla. 584, 123 Pac. 158; *Conklin v. Yates*, 16 Okla. 266,
83 Pac. 910; *Bishop v. Brittain Inv. Co.*, 229 Mo. 699, 129
S. W. 668, Ann. Cas. 1912A, 868, and cases cited in body
of opinion and note.

The judgment of the trial court was rendered on the
24th day of May, 1913, in the sum of $1,512.22, and it is
provided therein that such judgment shall bear interest
thereon from said date until paid, at the rate of 8 per
cent. per annum and the costs of the action, taxed at
$———, as well as the costs to accrue and be afterwards
taxed. Plaintiff requests judgment against the sureties
on the supersedeas bond. Said bond is fully set out in
the case-made. Judgment therefore will be entered in
this court against the sureties on the supersedeas bond,
John W. Brown, Rachel Perryman, and L. J. Gillies, in
the sum of $1,512.22, and with interest thereon at the
rate of 8 per cent. per annum from and after May 24,
1913, until paid and for all costs, for all of which let exe-
cution issue from the court below. *Long v. O. R. Lang &
Co.*, 49 Okla. 342, 152 Pac. 1078.

We find no error in the action of the trial court in
rendering the second default judgment herein in favor of

plaintiff and against the defendants, and in sustaining the demurrer of the plaintiff to defendants' petition to vacate and set aside second default judgment aforesaid.   The judgment of the trial court is therefore ordered affirmed.

By the Court:   It is so ordered.