## SMITH *et al.* *vs.* PHINIZY *et al.*

71 641
101 704

1. Equity is loth to open a judgment at law and let in defences which could have been made when the case was on trial at law and before the judgment was rendered; and it will never do so when the negligence of the defendant at law is the reason given, or apparent from the facts, why such defence was not made.

2. Where certain accommodation indorsers filed a bill, alleging that they became such relying on the security furnished by certain land which their principals had conveyed to the creditor as security for the debt, and that the creditor had since re-conveyed the land to the debtors, but it appeared from the bill that both of the principals were insolvent, that one of them was a bankrupt, and that the creditor had brought suit on the note against the principals and securities, without reference to the land, the sureties were thereby put upon notice that the creditor was not proceeding against the land, and if they failed to make any inquiry or to examine the records to ascertain the condition of the landed security, and permitted judgment to be rendered against them, equity would not interfere in their behalf.

(*a.*) The presumption is that an execution follows the judgment on which it is founded, and that the judgment does not go beyond the pleadings. A general execution for money being exhibited to a bill, the judgment and declaration will be presumed to have been likewise general.

September 11, 1883.

Judgments. Equity. Practice in Superior Court. Principal and Surety. Presumptions. Before Judge HUTCHINS. Clarke Superior Court. May Term, 1883.

S. S. Smith and R. R. Saulter filed their bill against F. Phinizy and the sheriff of Jackson county, alleging, in brief, as follows: Milledge S. Durham desired to borrow $1,000.00 from Phinizy, and to secure him therefor, procured his two sons, M. L. and H. C. Durham, to make to Phinizy a note, dated January 29, 1874, due one day after date; also to make to Phinizy a deed to certain land, as security for the note, taking bond for a reconveyance on payment of the debt. Milledge S. Durham indorsed the note himself; and as further security—which Phinizy required—complainants also indorsed it. They were accom-

modation indorsers, and relied on the land conveyed to secure them from loss, it being worth much more than the debt. On November 21, 1874, $750 was paid and credited on the note, and on that day Phinizy re-conveyed the land to M. L. and H. C. Durham. (From an exhibit to the bill it appears that this re-conveyance was recorded.) Complainants had no knowledge of this re-conveyance. To the February Term, 1876, of court, Phinizy commenced his action on the note against the principals and indorsers. Complainants relied on the land which had been conveyed to the creditor as ample security, and made no appearance or defence, and a judgment was rendered by default. The Durhams are all totally insolvent, and M. L. and M. S. Durham have gone into bankruptcy, leaving no assets, and have been discharged. The execution has been levied on the property of Smith by the sheriff of Jackson county. Complainants have discovered the re-conveyance, and insist that they were injured by it and discharged. The prayer was for injunction, subpoena and general relief.

By amendment, complainants alleged that Phinizy, learning that M. L. Durham had been adjudged a bankrupt, though no plea of bankruptcy had been filed, suspended his action against that defendant, and took judgment against the others.

On demurrer, for want of equity, the bill was dismissed, and complainants excepted.

S. P. THURMOND, for plaintiffs in error.

W. C. HOWARD; L. & H. COBB; A. S. ERWIN, for defendants.

JACKSON, Chief Justice.

1. Equity is loth to open a judgment at law and let in defences which could have been made in defence when the case was on trial at law, and before the judgment was rendered; and it will never do so, when the negligence of

the defendant at law is the reason given, or apparent from the facts, why the defence was not made. 1 *Kelly,* 138; 2 *Ib.,* 280; 4 *Ga.,* 176 63 *Ib.,* 627.

That principle rules this case. Phinizy's deed of the land back to Durham was made the same year that Durham deeded it to him, and recorded. Durham, for whom the complainants were sureties, became bankrupt; Phinizy sued the note, yet these sureties of a bankrupt did not inquire at all about the security which the land, while Phinizy held it, was to him and to them; nor did they look on the record-book of deeds, open to them, to see whether or not it had been parted with by Phinizy, who was their trustee in law to hold it for them. This *laches* shuts the door of equity to them, when they seek to set aside a judgment which slight diligence could have prevented from being had.

2. Besides, the suit at law itself gave them notice that the land was not available to Phinizy. It was not sued for by him, and judgment asked to condemn it. The presumption is, that the execution follows the judgment, and that the judgment does not go beyond the pleadings, but follows the declaration. The execution appended to the bill is a plain one for money—a general execution; the judgment, it is therefore presumed, was general, and the declaration was simply against the principal and sureties, and not for any special judgment against the land which Phinizy held as security; so that the sureties were put on notice that Phinizy did not seek to go on the land, and the question must have arisen, has he abandoned it, and why? If he has, he has discharged us, and we must plead the discharge. *Napier vs. Saulsbury, Respess & Co.,* 63 *Ga.,* 477, 480.

So that, not only was the record open to the complainants, inviting their diligence, and the bankruptcy of their principal known to them, demanding their vigilance about this landed security, but the failure of the payee of the note to assert his lien on the land, and to get a special

judgment condemning it, appearing on the very face of the declaration against them, cried to them in a still louder voice, "Look out for your landed security." Yet, even this failed to awake them, and they slumbered on until the fatal judgment made that slumber the sleep of death. "*Vigilantibus non dormientibus jura subveniunt.*"

Judgment affirmed.