## S. P. SNOW v. C. W. MITCHELL.

JUDGMENT — *No Defense, When.* No defense can be set up against a judg-
ment which might with proper diligence have been interposed in the
action in which the judgment was rendered.

### *Error from Bourbon District Court.*

THE opinion states the case. The plaintiff demurred to
defendant's answer. On December 21, 1885, the court over-
ruled the demurrer. This ruling the plaintiff brings here for
review.

.*Ware, Biddle & Cory*, for plaintiff in error.
*Bawden & Coon*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district
court of Bourbon county, October 15, 1884, by S. P. Snow
against C. W. Mitchell, for the recovery of $2,206, and in-
terest and costs. The basis of this action is a judgment ren-

dered in the district court of Arapahoe county, Colorado, on March 3, 1881, for $2,200.08, and $6 costs, in favor of Lucius Snow and against C. W. Mitchell, which judgment was duly assigned on June 5, 1884, by Lucius Snow to the plaintiff, S. P. Snow. The basis of the Colorado judgment was a judgment rendered on November 30, 1877, in the circuit court of the United States for the district of Kansas, for the sum of $1,558.69, with 12 per cent. interest and $34.40 costs, in favor of Lucius Snow and against C. W. Mitchell and Samuel Sherrill. The basis of the judgment rendered in the United States circuit court for the district of Kansas, was a promissory note for $1,360, executed by the said Mitchell and Sherrill to the plaintiff, S. P. Snow, dated January 23, 1875, and assigned to Lucius Snow. Both the U. S. circuit court for the district of Kansas, and the district court of Arapahoe county, Colorado, had jurisdiction of the defendant, Mitchell, personally, and also had jurisdiction of the subject-matter of the action. On December 29, 1884, the defendant, Mitchell, filed an answer in this case in the district court of Bourbon county, which answer is in substance as follows: (1) A general denial, except as to such facts as are elsewhere admitted in the answer; (2) the plaintiff's claim was based on a promissory note made by Samuel Sherrill and delivered to the plaintiff, S. P. Snow, for the sum of $1,360, dated January 23, 1875. Sherrill purchased of the plaintiff certain real estate and executed his several promissory notes for the purchase-price thereof, and the note of $1,360 was one of the notes so executed. About April, 1875, the plaintiff, S. P. Snow, requested the defendant Mitchell to indorse this note for the special benefit of this plaintiff; and without any consideration whatever this defendant wrote his name across the back of this note. When suit was brought on this note in the circuit court of the United States by Lucius Snow, he, the defendant, was advised by his attorneys, that, by reason of the assignment of the note to Lucius Snow, he, the defendant, could not plead that he indorsed the note without consideration therefor, and made no defense to the action. When suit was brought on the judg-

ment in Arapahoe county district court, Colorado, although believing that S. P. Snow was the real party in interest, he, the defendant, was again advised by his attorneys, that by reason of the assignment he could not interpose the defense of want of consideration for the indorsement, and no defense was made to the action. He has learned since said judgments were rendered that Lucius Snow never owned said note; that the suits were brought in his name solely, and for the express purpose of preventing this defendant from making any defense thereto, and that both of said judgments were obtained through fraud, and by a party who had no interest in the subject-matter of the action.

The plaintiff demurred to this answer upon the ground that it does not state facts sufficient to constitute a defense to the plaintiff's action, which demurrer was overruled by the court, and the plaintiff excepted, and as plaintiff in error brings the case to this court for review.

We think the court below erred. The only defense set forth in defendant's answer is, that the judgment which constitutes the basis of the plaintiff's action was founded upon another judgment, which was founded upon a promissory note which was indorsed by the defendant without consideration. Now the fact that the note was indorsed without consideration can constitute no defense to this action. It might have been a defense in the action in the U. S. circuit court if it had been properly interposed in that action. But it was not interposed in that action; and when judgment was rendered in that action, this indorsement without consideration ceased to be a defense in that or in any other action. No defense can No defense to be set up against a judgment which might with judgment, when. proper diligence have been interposed in the action in which the judgment was rendered.

The judgment and order of the court below will be reversed, and the cause remanded, with the order that the demurrer to. the defendant's answer be sustained, and for such other and further proceedings as may be proper in the case.

All the Justices concurring.