52 743
53 521
52 743
f61 212

D. W. HOLDERMAN *et al.* v. JANE JONES.

1. VACATING JUDGMENT—*Mistake of Counsel.* It is the general rule that neither ignorance, mistakes nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating a judgment or granting a new trial. Neither will relief be ordinarily granted by the way of a new trial, on the ground that the attorney, through design, ignorance, or negligence, mismanaged the defense.

2. NEW TRIAL, *No Ground for.* The negligence of the party is no ground for a new trial. The negligence of the attorney is the negligence of the party.

3. TEMPORARY INJUNCTION, *Motion to Dissolve—Practice.* A court or judge, upon a motion to dissolve a temporary injunction, is not compelled to refuse consideration of the same until the final trial of the cause, merely because it appears from the face of the petition that no cause of action is therein stated, and that, therefore, the temporary injunction was improvidently allowed.

*Error from Osage District Court.*

MRS. JANE JONES commenced her action against *D. W. Holderman,* Charles Milliken, Charles Douglass, Henry Jacoby, and Waldo Wooster, before a justice of the peace in Osage county, on December 21, 1889, for wrongful conversion of certain cattle and horses. The defendant Jacoby was served with summons in Osage county; the other defendants were served with summons in Lyon county. The case came on for hearing on February 3, 1890, before the justice of the peace, and judgment was rendered by him in favor of Mrs. Jane Jones, against all of the defendants below in that case except Henry Jacoby and Waldo Wooster, for $280.78 and costs. From the judgment of the justice of the peace the defeated parties appealed to the district court of Osage county. When that case was called for hearing, on March 21, 1890, judgment was rendered by agreement by the district court, in favor of Mrs. Jones and against all of the defendants then appealing for $225, and costs of $64.25. A stay of execution of the judgment for 10 days was granted. On the 26th of March, 1890, the defendants in that case, as plaintiffs, filed their petition, under § 310 of the civil code, for a new trial, and obtained from the district judge, at chambers, an order restraining the collection of the judgment until the petition for new trial could be heard. Afterward, and on the 19th day of April, 1890, the defendant in the new case notified one of the attorneys for the plaintiffs that she would apply to the Hon. WILLIAM THOMSON, judge of the district court of Osage county, at his chambers in Burlingame, in that county, at 10 o'clock A. M., to dissolve the temporary injunction or restraining order. Afterward the motion to dissolve the temporary injunction was heard and sustained. Exceptions were taken, and the case is brought here by plaintiffs below, those petitioning for the new trial.

*R. C. Heizer,* and *T. N. Sedgwick,* for plaintiffs in error.

*B. F. Hendrix,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was a proceeding in the court below under § 310 of the civil code for a new trial, upon the grounds that the court had no jurisdiction to render the judgment, that the judgment was obtained by fraud and mistake, and that there was a complete defense to the claim upon which the judgment was rendered, which, through a misunderstanding between the plaintiffs and their attorney, was not made. As the plaintiffs applying for the new trial did not prosecute proceedings in error from the judgment of the justice of the peace, but took an appeal to the district court, and as judgment was rendered in the district court by the agreement of all the parties, through their attorneys, jurisdiction is clearly shown.

"Any voluntary appearance of a party to an action, which recognizes the general jurisdiction of the court, or which is not made for the special purpose of contesting the jurisdiction of the court or for any other special purpose, will be construed to be a general appearance in the case, and will be held to give the court general jurisdiction in the case over such party." (*Carver v. Shelley*, 17 Kas. 472; *Cohen v. Trowbridge*, 6 id. 385, 393; *McBride v. Hartwell*, 2 id. 411, 415; 1 U. S. Dig., 1st series, pp. 101, 103, ¶ 580, *et seq.*)

No facts are set forth in the petition charging any fraud in the rendition of the judgment in the district court occasioned by the adverse party. Indeed, no fraud was alleged, except that no valid claim existed to sue on, or, if one had ever existed, that it had been compromised and satisfied long prior to the commencement of the action thereon. The accident, surprise and misunderstanding alleged in the petition concerned the negligence, mistakes and misapprehension of plaintiffs and their attorney. The defendant is no way connected with these acts of omission or commission which caused the failure of the plaintiffs to prepare for the trial or make their defense. The allegations of the petition tended to show that the plaintiffs and their attorney were guilty of negligence and

ignorance in not preparing for trial. No reasonable diligence was shown. It is the general rule that neither ignorance, mistakes, nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating the judgment. Neither will relief be granted on the ground that the attorney, through design, ignorance, or negligence, mismanaged the defense. (Freem. Judg., § 508.)

In *Elder v. Bank of Lawrence,* 12 Kas. 242, it was decided that,

"When, in an action regularly commenced and prosecuted, without any fraud or fraudulent representations, judgment is rendered by consent against the defendants, they cannot thereafter have the judgments set aside and a new trial granted, on the ground of the existence of a complete legal defense to the action, the nature and extent of which they were aware of at the time of the entry of judgment."

It was also held, in *Snow v. Mitchell,* 37 Kas. 636, that

"No defense can be set up against a judgment which might with proper diligence have been interposed in the action in which the judgment was rendered."

"To entitle a party to enjoin a judgment he must show not only that the judgment was unjust, but that it was not the result of any inattention or negligence on his part." (*Hanna v. Morrow,* 43 Ark. 107.)

"Equity is loth to open a judgment at law and let in defenses which could have been made when the case was on trial at law and before the judgment was rendered, and it will never do so when the negligence of the defendant at law is the reason given or apparent from the facts why such defense was not made." (*Smith v. Phinizy,* 71 Ga. 641.)

Hayne, New Tr., § 80, says:

"The negligence of the party is no ground for a new trial. The provision of the code is: 'Accident or surprise which ordinary prudence could not have guarded against.' And the negligence of the attorney is the negligence of the party, within the meaning of the subdivision. The attorney is the agent of the party for the purposes of the trial, and the party cannot make his attorney's negligence a ground for relief."

The petition showed upon its face that no cause of action

existed in favor of the plaintiffs and against the defendant, and, as the district judge granted temporary restraining order at chambers, he had the authority to set the same aside at chambers, upon a motion properly noticed and heard. A court or judge, upon a motion to dissolve a temporary injunction, is not compelled to refuse the consideration of the same until the final trial of the cause, merely because it appears from the face of the petition that no cause of action is stated, and that therefore the temporary injunction was improvidently allowed. (*Bundrem v. Denn,* 25 Kas. 430.)

The judgment of the district court will be affirmed.

All the Justices concurring.