THE OHIO & WESTERN MORTGAGE AND TRUST COM-
PANY v. ANNA CARTER *et al.*

**No. 319.** (58 Pac. 1040.)

1. FRAUD—*Pleading.* The petition complained of set forth, and
*held*, that the demurrer thereto should have been sustained.

2. ———*Judgment—Pleading.* "When 'fraud practiced by the
successful party' is alleged, the facts showing such fraud must
be stated or set forth in a plain and concise manner, as in other
cases. Mere 'knowledge' of certain facts is not sufficient. The
fraudulent act and proceedings of such party designed and prac-
ticed for the purpose of securing an unfair or unjust judgment
must be clearly shown." (*Hill v. Williams*, 6 Kan. 17.)

3. ——— *Definition.* The word "fraud," in the fourth subdivi-
sion of section 601 of chapter 95, General Statutes of 1897 (Gen.
Stat. 1899, § 4862), "is used in its common, direct sense; it means
'fraud in fact,' not 'fraud in law'; it embraces only intentional
wrong." (*Laithe v. McDonald*, 7 Kan. 264.)

4. ——— *Rendition of Judgment—Negligence.* "A party,
against whom a judgment has been rendered in his absence, seek-
ing to be relieved therefrom upon the ground of 'fraud practiced
by the successful party in obtaining the judgment,' must not only
make satisfactory proof of fraud in fact, but should also show that
he was himself guilty of no laches in failing to appear at the trial."
(*Laithe v. McDonald*, 7 Kan. 254.)

5. ——— *Diligence—Defense.* No defense can be set up against
a judgment which might with proper diligence have been inter-
posed in the action in which the judgment was rendered. (*Hol-
derman v. Jones*, 52 Kan. 743, 34 Pac. 352.)

Error from Sedgwick district court ; C. REED, judge.
Opinion filed November 20, 1899. Reversed.

*J. D. Houston,* for plaintiff in error.

*J. M. Balderston,* for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by
defendants in error in the district court of Sedgwick

county against the plaintiff in error to set aside a certain judgment. Judgment was rendered for defendants in error, vacating and setting aside the former judgment. Defendant below brings the case here.

The petition is as follows:

"The said plaintiffs complain of said defendant, and for cause of action state:

"That at all the times hereinafter mentioned, defendant was, and is now, a corporation duly organized and existing under and by virtue of the laws of the state of Ohio.

"That some time in the month of June, 1891, the date not appearing by the recorded journal entry, said defendant, The Ohio & Western Mortgage and Trust Company, obtained a judgment against these plaintiffs, together with other defendants, in a certain action then pending in the district court of said county and state, entitled 'The Ohio & Western Mortgage and Trust Company, plaintiff, v. Henry E. Corn et al., No. 13188, general number of the action in the district court'; that said judgment was a personal judgment rendered against these plaintiffs for the sum of $632.80, and that the same bore interest from some time in the month of June, 1891, at twelve per cent. per annum, a true copy of which said journal entry of judgment is hereto attached showing the indorsements or O. K. of the counsel and the filing of same, marked 'Exhibit A,' and made a part of this petition.

"Said plaintiffs further allege that said defendant has been guilty of fraud in obtaining said personal judgment against these plaintiffs, in this, to wit: That said case was called for trial by plaintiff in said action, defendant in this action, through its attorneys, Sluss & Stanley, and that said journal entry does not show that said Anna Carter, formerly Kaufman, and Eva G. Koher appeared in said case by their attorney, and that said attorney for said Anna Carter and Eva G. Koher did not O. K. said journal entry at said time, as was required by said court at said time, but that on the simple O. K. of the attorneys for plaintiff, the court rendered judgment in said action against

these plaintiffs ; that said above-named plaintiffs had no notice that said case was called for trial or that judgment was asked against them personally and that plaintiff in said action never presented journal entry of judgment to them or to their attorney, and never notified them of the settlement of said case.

" Said plaintiffs further allege that said defendant was guilty of fraud in obtaining said judgment in this, to wit : That on the face of the pleadings in said action heretofore mentioned, in which said judgment was rendered, they show these plaintiffs were not indebted to this defendant in this action in the sum of $632.80, or in any sum whatsoever ; that upon the face of the pleadings in said action they show that, if said plaintiffs .were indebted to said defendant in this action in any sum whatsoever, they were not indebted in the said sum of $632.80, but for a lesser amount ; that said plaintiffs in this action deny that they or either of them were indebted to said defendant in any sum whatsoever.

" Said plaintiffs allege that they have a good defense in said action No. 13188, in this, to wit : That they, the above-named plaintiffs, and neither of them, assumed or agreed to pay said notes and mortgage set up in said action No. 13188 and made a part of the petition in said action, and that they never agreed to pay said notes and mortgage or any part thereof.

"'That said plaintiffs further allege that when their attorney appeared in said case and filed his said answer he did not inform them of the nature of said case or they would have filed their answer denying that they or either of them had assumed or agreed to pay said mortgage and notes set up in the petition of plaintiff filed in said action No. 13188, and that said J. V. Daugherty did file said answer in said case No. 13188 without their authority or consent or approval, and without any authority of these plaintiffs to file any answer of any kind or nature whatsoever.

" Said plaintiffs admit that they were served with summons in said case, and that they turned said summons over to said J. V. Daugherty to examine said papers for them, supposing that they were made par-

ties defendant in said action No. 13188 because they held a second mortgage upon said premises, and that J. V. Daugherty having loaned these plaintiffs' money on some mortgages of these plaintiffs, and these plaintiffs having obtained judgments against some parties through said J. V. Daugherty; that said J. V. Daugherty did not inform them or either of them of the nature of the judgment asked against these plaintiffs, or that a personal judgment was asked for against them in said action No. 13188, or that a personal judgment would be rendered against them in said action; that the first they knew of said judgment or that a personal judgment was asked was on this day, when the deputy sheriff of Sedgwick county, Kansas, appeared at their store and levied upon their goods, wares, and merchandise; that these plaintiffs have a good defense to said action, in this, to wit, that they never did assume or agree to pay said mortgage set up in said petition filed in said case No. 13188, and did not assume or agree to pay any other mortgage in favor of said defendant in this action. And that upon the face of the pleadings in said action No. 13188 they do not show that said defendant in this action was entitled to judgment of any kind against these plaintiffs, for judgment for the sum of $632.80, or for any lesser sum than the amount recovered in said action No. 13188. That these plaintiffs did not know when said case was set for trial; that said parties plaintiff in this action did not waive the right of trial by jury, and that said answer so filed in said case was filed without their authority, consent, or knowledge.

"Wherefore, said plaintiffs pray that said judgment be set aside, vacated, and held for naught, and that these plaintiffs may be allowed their costs in this action, taxed at $———, and all other further equitable relief."

To this petition a demurrer was filed and overruled; of this ruling the plaintiff in error complains. The judgment attached to the petition as an exhibit thereto appears to be regular and complete in every detail.

The petition is filed under section 606 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4864), and attempts to state a cause of action under subdivision 4 of section 601 (Gen. Stat. 1897, ch. 95; Gen. Stat. 1899, § 4862), which provides :

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. . . . Fourth. For fraud practiced by the successful party in obtaining the judgment or order."

In the case of *Hill v. Williams*, 6 Kan. 17, in discussing the requisites of a petition to justify the vacation of a judgment "for fraud practiced by the successful party in obtaining the judgment" or unavoidable casualty or misfortune preventing the party from prosecuting or defending, the third paragraph of the syllabus is as follows :

" When 'fraud practiced by the successful party' is alleged, the facts showing such fraud must be stated or set forth in a plain and concise manner, as in other cases.  Mere ' knowledge ' of certain facts is not sufficient ; the fraudulent acts and proceedings of such party, designed and practiced for the purpose of securing an unfair or unjust judgment, must be clearly shown.  When ' unavoidable casualty or misfortune ' is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment ; that is, that the party complaining is not himself guilty of any laches."

The petition under consideration contains no statement of facts or proper allegations that fraud was practiced by the successful party in obtaining the judgment.  In the case of *Laithe v. McDonald*, 7 Kan. 264, Justice Brewer said :

" It must be remembered that the only ground of relief in the case as tried is, in the language of the

statute, 'fraud practiced by the successful party in obtaining the judgment.' The word 'fraud' in this statute is used in its common, direct sense. It means 'fraud in fact,' not 'fraud in law.' It embraces only intentional wrong — those acts done by the successful party with a knowledge of their criminality, and with the purpose of thereby depriving his adversary of some right.''

The pleadings in the former case are not attached to the petition. In the case of *Sanford v. Weeks*, 50 Kan. 339, 31 Pac. 1088, the supreme court said :

'' It appeared from the allegations of the petition that the questions attempted to be raised had been fully considered and determined in the judgment of May 28, 1890. The petition itself was insufficient, in failing to set forth the pleadings in the original case and the defense upon which Sanford relied. The facts constituting the defense must not only be fully stated, but must show a legal and meritorious defense.'' (See, also, *Mulvaney v. Lovejoy*, 37 Kan. 305, 15 Pac. 181.)

Defendants in error admit in their petition that they were duly served with summons and that they gave it to their agent to examine, but there is no allegation in the petition of diligence ; in fact, the contrary appears. If they had a defense it could have been set up in the former trial. In the case of *Holderman v. Jones*, 52 Kan. 746, 34 Pac. 352, the supreme court quoted and approved the following authorities :

'' No defense can be set up against a judgment which might with proper diligence have been interposed in the action in which the judgment was rendered.'' (*Snow v. Mitchell*, 37 Kan. 636, 15 Pac. 224.)

'' To entitle a party to enjoin a judgment he must show, not only that the judgment was unjust, but that it was not the result of any inattention or negligence on his part.'' (*Hanna v. Morrow*, 43 Ark. 107.)

'' Equity is loath to open a judgment at law and let in defenses which could have been made when the

case was on trial at law and before the judgment was rendered ; and it will never do so when the negligence of the defendant at law is the reason given, or apparent from the facts, why such defense was not made.'' (*Smith et al. v. Phinizy et al.*, 71 Ga. 641.)

From the reading of the petition, it appears that the negligence was upon the part of the agent or attorney of defendants in error. In the case of *Holderman v. Jones*, supra, the supreme court said :

'' The negligence of a party is no ground for a new trial. The negligence of the attorney is the negligence of the party.''

Applying the rule laid down in the authorities cited to the allegations in the petition set forth in this opinion, the demurrer should have been sustained.

The judgment of the district court is reversed.