CAZORT & McGEHEE COMPANY v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered October 23, 1911.

JUDGMENT—WHEN NOT ENJOINED.—A judgment at law against a railroad company against which there was a good defense will not be enjoined in equity if the judgment was the result of inattention or negligence upon the part of the station agent of the railroad company, upon whom process was served.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

STATEMENT BY THE COURT.

On the 28th day of October, 1907, appellant obtained judgment in a justice's court of Crawford County against

B. H. Hanna and W. B. Hanna for the sum of $159.53. On that day a writ of garnishment was issued against appellee, and on the 1st day of November, 1907, the deputy sheriff of Crawford County delivered a true copy of the writ to appellee's station agent at Rudy, in Crawford County, Arkansas. The writ commanded appellee to appear and answer on the 11th day of November, 1907, whether or not it was indebted to W. B. Hanna and B. H. Hanna.

Allegations and interrogatories were filed, in which appellee was asked whether it was indebted to B. H. Hanna on the 21st of October, 1907, and whether on that day it had in its hands any money, rights or other thing of value belonging to B. H. Hanna. When the officer handed the agent the writ, the agent told the officer that he did not know anything about the business, that they would have to have all the papers in the case before they could take any action on it. The agent did not remember receiving the writ. He did not remember transmitting the writ to any officer of the company, did not remember of ever notifying any officer of the company of the writ being served, did not think that he notified any officer of the company. He gave the officer B. R. Davidson's address at Fayetteville, Arkansas.

On the 11th of November, the appellee failing to appear or answer, judgment was rendered against it for the appellant. The appellee brought this suit in the chancery court of Crawford County against appellant to restrain the collection of the judgment. It alleged that appellant at the time the writ of garnishment was claimed to have been served, or thereafter, was not indebted to W. B. Hanna in any sum whatever, and that appellee "did not have in its hands or possession any goods, chattels, moneys, credits or effects belonging to W. B. Hanna on or after the said alleged service of the writ or garnishment. Appellee further alleged that W. B. Hanna had been employed by appellee prior to October 28, 1907, on which date he left the service of appellee, and was on that date paid the balance due him, amounting to $8.25. Appellee alleged that it was not indebted to W. B. Hanna in any sum, and did not have in its possession any goods, chattels, moneys, credits or effects belonging to them or either of them.

Appellee further alleged that its general offices were in

St. Louis, Missouri, and by its rules and customs writs served upon it should be forwarded to its general officers at St. Louis at once; that if the writ was served on its agent at Rudy, Arkansas, then the same by mistake or inadvertence never reached the officers of appellee in time for it to make defense.

Appellant demurred and answered, setting up its judgment in original suit and in the garnishment proceeding alleging that they were in all things regular, etc.

The appellee proved that on the 28th day of October, 1907, B. H. Hanna was in its employ as brakeman, and that on that date the company was due him the sum of $8.25, which it paid him, and that it had not been indebted to him since, and had no property of any kind in its possession belonging to B. H. Hanna, and that W. B. Hanna was never in its employ. Appellee further proved by the officer who served the writ of garnishment that when he offered to deliver the writ to the agent at Rudy the agent said "it was not gotten up right, and that the company would not pay any attention to that." "The agent," says the witness, "told me at the time I handed him the writ what they would have to have before the railway company would recognize the paper I handed him, and I told him to write it down, which he did, and which I returned to Jess London. The only notice they had of it was the papers I sent to Jess London."

B. R. Davidson testified that it was his duty to represent the company, and to take all appeals from justice's judgments when they were rendered. He received no notice of the judgment until after the time for appeal had expired.

The above are substantially the facts as disclosed by the pleadings and the evidence. The court entered a decree perpetually restraining appellant from collecting or attempting to enforce the judgment against appellee herein as the garnishee in the action.

Appellant duly prosecutes this appeal.

*C. A. Starbird,* for appellants.

1. The bill was wholly insufficient to entitle plaintiff to relief in equity. A failure to state in the judgment to whom the copy of the writ was given was neither erroneous nor jurisdictional. Delivery to the station agent of the garnishee or defendant is due service. Kirby's Digest, § 6045.

2. To entitle a party to relief in chancery against a judgment at law it must conclusively appear that the judgment was obtained by fraud, accident or mistake, unmixed with any negligence upon, the part of plaintiff. 6 Ark. 79; 16 Cyc. 38.

*W. F. Evans* and *B. R. Davidson*, for appellee.

1. An unconscionable judgment by default against a garnishee, not duly and legally served with notice, will be enjoined. 50 Ark. 458, 461; 61 Ark. 341; Freeman on Judgments, § § 495, 508; 85 Ark. 385; 73 Ark. 477.

2. The failure to defend was clearly brought about by a misunderstanding between the agent and the officer; the judgment is against conscience, and should be enjoined. 202 Ill. 110; 102 Ill. App. 47; 19 Am. Dec. 595, note 603.

*C. A. Starbird*, in reply.

Defects in garnishment proceedings are not jurisdictional, but mere matters of error. 66 Ark. 582; 43 Ark. 107.

WOOD, J., (after stating the facts). The return of the officer shows that the writ of garnishment was duly served upon the appellee. The service was had upon its station agent and was according to law. Section 6045, Kirby's Digest. Had the station agent observed the customs and rules of appellee and notified the general officers at St. Louis of the service of the writ, or if the attorney at Fayetteville had been notified by him of such service, doubtless appellee would have successfully answered the writ and thus have prevented the judgment which it now seeks to avoid. The station agent upon whom the writ was served misconceived the law as well as his duty to the appellee. But this fact, established by the pleadings and the uncontroverted evidence, only shows the negligence of appellee in allowing the judgment to be obtained against it, which absolutely precludes it from the relief which it now seeks.

"It is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize the court to interfere. Because, if.a matter has already been investigated in a court of justice according to the common and ordinary rules of investigation, a court of equity can not take upon itself to enter into it again. Hence it must appear

that the judgment was not the result of any inattention or negligence upon the part of the person aggrieved, and he must show a clear case of diligence to entitle himself to an injunction." *Hanna* v. *Morrow*, 43 Ark. 107; *Bently* v. *Dillard*, 6 Ark. 79; 16 Cyc. 38, and cases in note.

Judgment reversed and cause remanded with directions to dismiss the complaint for want of equity, and for any further proceedings not inconsistent with this opinion.