Mallows v. Mallows.

---

No. 19,081.

IRA AMOS MALLOWS, *Appellee,* v. MARGARET E. MALLOWS, *Appellant,* and FRANK J. MALLOWS and OSCAR B. MALLOWS, *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Interpretation—Interest of Surviving Wife of Legatee Determined.* In a will the testatrix provided that one of two sons should have a life estate in a certain tract of land, and that if he "should marry again, it being his third marriage, then his third wife, and children by his third wife, shall have said fifty acres of land described in this will, but if said French J. Mallows should die leaving no wife and children by a third wife, then I devise and will that said land described above shall go to my son Ira Amos Mallows." The

son married not only a third but also a fourth and a fifth
wife. The third wife died leaving no children, but the son
died and left surviving him the fifth wife. The trial court
decided that as the son of the testatrix left a wife surviving
him, the third wife having died without children, the other
son of the testatrix did not take the remainder, and that as
there was no one to take it under the will so much of the
property passed to the heirs of the testatrix under the law
of descents and distributions. *Held*, that the surviving wife
of the son has no reason to complain of the ruling, and that
under the circumstances of the case the interpretation and
decision of the trial court will not be disturbed.

2. NEW TRIAL — *Motion Filed Out of Time* — *Denial No Error.*
Neither will a ruling denying a motion for a new trial be
disturbed which was filed out of time and in which the ap-
plicant relied on certain misapprehensions and mistakes al-
leged to have been made by herself and her attorney.

3. SAME—*Practice*—*Shifting Ground of Defense*—*Not Permis-
sible.* Ordinarily a court will not grant a new trial merely to
give a party an opportunity to shift his ground of action or
defense. If the case has been tried upon one theory it is
too late to mend his hold and advance another theory which
might have been but was not presented at the trial.

Appeal from Doniphan district court; WILLIAM I.
STUART, judge. Opinion filed December 12, 1914. Af-
firmed.

*Perry A. Brubacker,* of St. Joseph, Mo., for the ap-
pellant.

*A. L. Perry, C. W. Reeder,* and *S. M. Brewster,* all
of Troy, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Ira Amos Mallows brought an
action against Margaret E. Mallows to recover posses-
sion of a tract of land in Doniphan county, and upon
her motion Frank J. Mallows and Oscar B. Mallows,
who claimed an interest in the land, were made de-
fendants. She answered that she was the owner and
was in possession of the land, and asked that her title

be quieted as against the claims of any of them and that they be adjudged to be barred of any interest in the land.

From the conceded facts it appears that Ruth Y. Mallows, who owned one hundred acres of land, died testate on December 14, 1905, leaving as her only heirs at law her sons, French J. and Ira Amos Mallows. Only the north half of the tract owned by her is involved in this action. In the will of Ruth Y. Mallows she provided that the north half of the farm, fifty acres, should go to her son, French J. Mallows, "To have and to hold the same his natural lifetime, then if said French J. Mallows (at this time a single man) should marry again, it being his third marriage, then his third wife, and children by his third wife, shall have said fifty acres of land described in this will, but if said French J. Mallows should die leaving no wife and children by a third wife, then I devise and will that said land described above shall go to my son Ira Amos Mallows."

After the death of Ruth Y. Mallows and the probate of the will the two sons of the testatrix entered into possession of the land. It appears that French J. Mallows did marry a third wife, who died during his lifetime leaving no children. After that time he was twice married, and when he died he left as his heirs the appellant, Margaret E. Mallows, his fifth wife, and his two sons, Frank J. and Oscar B. Mallows, children by his second wife. As a result of a trial the court found that Ira Amos Mallows is the owner of an undivided one-half interest of the fifty-acre tract in question, that Margaret E. Mallows, the widow of French J. Mallows, is the owner of an undivided one-fourth of the tract, and that Frank J. Mallows and Oscar B. Mallows are each entited to an undivided one-eighth interest in the tract.

In the will the testatrix provided, as we have seen, that French J. Mallows should have a life estate in the fifty-acre tract, and that if he married again, having been married twice before at the time the will was made,

and should have children by the third wife, the property would go to her and her children, but if he died leaving no wife or children by a third wife it should go to his brother, Ira Amos Mallows. As the court interpreted this provision of the will Ira Amos Mallows was not entitled to the remainder although the third wife of French J. Mallows had died without children. Some argument could have been advanced for the contention that the wife mentioned in the clause, "leaving no wife and children by a third wife," was the third wife, and that, therefore, the remainder became the property of Ira Amos Mallows. It was decided, however, that as French J. Mallows died leaving no third wife nor children by a third wife, but did die leaving a fifth wife, that provision of the will was unenforceable. The view taken was that French J. Mallows was given and had enjoyed a life estate in the land, but as he left a wife at the time of his death the remainder could not go to his brother but that it became a part of the estate of Ruth Y. Mallows, his mother, and descended to her heirs at law. Margaret E. Mallows has no reason to complain of this interpretation and decision and none of the other parties are objecting to it. She does, however, complain of the overruling of her motion for a new trial which was filed nearly three months after the judgment fixing the rights of the parties in the land was rendered.

In appellant's motion she alleged, among other things, that she had been sick and did not fully consult or advise with her attorney as to the case, either before or at the time of the trial, and that concessions had been made by him without her knowledge. She also alleged that about February 22, 1913, there was born to her an infant child that died on the day it was born, and that her attorney was never informed of this fact. In support of her motion she testified that she employed her attorney to represent her in the action, and he had been serving in that capacity before this action was instituted; that soon after the bringing of the suit she had

become ill and went to St. Joseph, Mo., for medical treatment; that she came to Troy on April 30, 1913, the day on which the case was set, to attend the trial, but that it was not reached that day, and that she came back the next day but did not arrive until the case had been tried and determined. She states that no motion for a new trial was made by her attorney, although she had asked him to do all he could to win her case, and that shortly afterwards she employed another attorney at St. Joseph, who came to Troy and made an investigation of the case, but did not file a motion at that time nor until July 26, 1913. The attorney employed shortly after the trial states that he did not take earlier action because he did not know whether the attorney first employed was still acting for the appellant, and that he saw him early in June, 1913, but did not talk with him then nor learn that he was no longer in the case until later in the month. The district judge, who knew the parties and their counsel, as well as many circumstances which are unknown to this court and which necessarily affected and guided his discretion, has refused to reopen the case. No fraud is charged against the attorney, and there is no reason to doubt his good faith in the matter. While appellant says that she had no opportunity to advise her attorney of the facts, she could have done so when the employment was made, and later by telephone or letter if she had been unable to visit him. In her answer she bases her claim to the whole tract of land on the provisions of the will, and not because of an inheritance from a child which is alleged to have been born the preceding February. It is not claimed that she ever mentioned the birth of a child to her attorney, although she had an opportunity to do so when she employed him and later when she came to Troy to attend the trial. Even if the motion for a new trial had been filed in time, it would have been an appeal to the discretion of the trial court; but it was not filed within the time, and the long period which

intervened between the judgment and the application for a new trial, and between the time when appellant and her second attorney had learned the full scope of the judgment and the application, shows that the required diligence was not exercised by appellant. The appellees are not responsible in any way for the mistakes of the appellant or her attorney, if any were made, and the general rule is that neither misapprehension nor mistake of a party or his attorney that is not occasioned by the adverse party affords a ground for the granting of a new trial. (*Holderman v. Jones*, 52 Kan. 743, 34 Pac. 352.) It is also a general rule that a court will not grant a new trial for insufficient reasons merely to give a party an opportunity to shift his ground of action or defense. If a case has been tried upon one theory it is too late to mend his hold and advance another theory which might have been but was not presented at the trial. (29 Cyc. 1008.) As has often been declared, a trial court is vested with a large discretion in the granting of new trials, and in this case it can not be held that the applicant was entitled to a new trial as a matter of law, nor can it be held that the court abused its discretion in refusing the application.

There is nothing substantial in the objections made to the proceedings subsequent to the judgment setting off the share to which each party was adjudged to be entitled.

The judgment of the district court will be affirmed.