## BOARD OF COM'RS OF OKLAHOMA CO. v. BARBER ASPHALT PAVING CO.

No. 10256—Opinion Filed Sept 13, 1921.

(Syllabus.)

1. **Prosecuting Attorneys—Duties of County Attorney—Submission of Issues on Agreed Statement of Facts.**

By the provisions of section 1554, Rev. Laws 1910, it is made the duty of the county attorney to appear in the district, superior, and county courts of his county and prosecute and defend on behalf of the state or county all actions or proceedings in which the state or county is interested or a party and he may submit the issues involved on an agreed statement of fact.

2. **Judgment—Vacation—Grounds—Fault of Attorney.**

It is the general rule that neither ignorance, mistake, nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating a judgment or granting a new trial.

3. **Same—Negligence of Attorney.**

The negligence of a party is no ground for new trial or for vacating a judgment, and the negligence of the attorney is the negligence of the party.

4. **Same—Time for Proceedings to Vacate—Statute.**

By the provisions of section 5274, Rev. Laws 1910, proceedings to vacate or modify a judgment for fraud practiced by the successful party in obtaining said judgment, or for unavoidable casualty or misfortune preventing the party from prosecuting or defending, must be commenced within two years after the judgment was rendered, unless the party entitled to commence such proceedings be an infant, or a person of unsound mind, and then such proceedings must be commenced within two years after the removal of such disability.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Board of County Commissioners of Oklahoma County against Barber Asphalt Paving Company to vacate judgment. Judgment for defendant, and plaintiff brings error. Affirmed.

Forrest L. Hughes and M. S. Singleton, for plaintiff in error.

G. A. Paul, for defendant in error.

NICHOLSON, J. This action was brought in the district court of Oklahoma county on July 21, 1917, by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to vacate a judgment in favor of said defendant and against said plaintiff rendered in said court on June 18, 1915. Afterwards a second amended petition was

filed, to which the defendant interposed a general demurrer, which demurrer was by the court sustained; the plaintiff refused to plead further, elected to stand on its second amended petition, and brings the case to this court by transcript.

The petition is very lengthy, but stripped of much of its redundancy, alleges, in substance, that on the 18th day of June, 1915, the defendant obtained judgment against the plaintiff in the district court of Oklahoma county for the sum of $5,763.94; that said judgment was rendered upon an agreed statement of facts, a copy of which is attached to said petition as Exhibit "B", and is as follows:

### "Agreed Statement of Facts.

"It is agreed by and between the parties hereto that the Barber Asphalt Paving Company, plaintiff above named, is now and was at the time of the collection of the various sums of money set forth in Exhibit A, attached to plaintiff's petition, the rightful holder of the warrants and certificates represented thereby, and that the county of Oklahoma has received the various sums of money set forth and described in said Exhibit 'A', and represented by the various receipts numbered thereon.

"That said sums represent the payment of interest on certificates of indebtedness for paving against various tracts and parcels of land in Oklahoma City, authorized to be improved by the mayor and authorities of said city of Oklahoma City, and represents the interest collected between the date of maturity of said warrants and certificates and the date of payment thereof by the individual owner of the various lots and tracts of land.

"That said county of Oklahoma now has said sums of money in its possession so derived from the collection of said interest on delinquent payments and that by decision of the Supreme Court of the state of Oklahoma, said funds belong to and are the property of the plaintiff herein. That said parties have caused a complete and careful check to be made of the books of the county treasurer, and that the several amounts set forth in said Exhibit A are correct, just and owing to the said plaintiff, and that the said plaintiff is entitled to judgment against Oklahoma county, Oklahoma, therefor.

"Witness our hands this 7 day of June, 1915.

"Barber Asphalt P. Co. by Paul & Lee, Attorneys.

"Board of County Commissioners. John, E. DuMars, Assistant Attorney."

It is further alleged that John E. DuMars attorney for the board of county commissioners, was lead to sign said agreed statement of facts because of the decision of the Supreme Court in two cases, both entitled L. K. Seymore v. Board of County Commissioners of Oklahoma County, reported in 38 Oklahoma at page 547, and 45 Oklahoma at page 533; that after the decisions in said two cases and prior to the signing of said agreed statement of facts, several persons who were the alleged owners of paving and sewer warrants issued by the city of Oklahoma City, which warrants had been certified to the county assessor of Oklahoma county by the city clerk of Oklahoma City, claimed that under said decisions they were entitled to certain sums of money out of the penalty collected on the principal sum on installments of said warrants by the county, and an agreement was entered into by the then board of county commissioners and the alleged owners of said warrants to have computations made respecting the interest that the alleged owners of said warrants claimed to be due them thereon, and that one of the alleged owners of said warrants was the defendant herein; that thus an agreement was made by the board of county commissioners and the defendant by which the defendant should be represented in making said computations by one George Hess, and that one Earl Bockoven should assist in making said computation as the representative of the county, and that one-half of the amount paid to said Bockoven for his services should be paid by the defendant and the other half by the board of county commissioners; that in pursuance of said arrangement said Hess and Bockoven made said computations; that in making said computations said Hess and Bockoven based the same upon a mistaken view of the holding of the Supreme Court in the aforesaid cases; that they assumed that when the county treasurer made collection of penalty the warrant holders were entitled to the interest as specified in said warrants out of said penalty, which said method of computation was erroneous; that said Hess and Bockoven by mutual mistake based the amount which they claimed to be due to the warrant holders, not upon the amount of interest paid by the property owners but assumed that interest was due such owners on said warrants out of the penalty which had been, or could have been, collected by the county treasurer upon the various installments which had became due upon said warrants; that they further made a mistake in figuring interest upon the amounts of said installments from the date the same was certified by the city clerk to the county assessor to the date when the last payment of said installments was made by the property owners, and failed to take into account the

fact that in a great number of cases the property owners had made a half payment of the installments and alleged penalties; that said Hess and Bockoven, so representing the parties to said action, by mutual mistake computed interest on the interest which had been certified by the city clerk to the county assessor as aforesaid; that computations were made by said Hess and Bockoven which indicated that penalty had been collected by the county treasurer on said items, when in truth and in fact no penalty whatever had been collected by said county treasurer, and with reference to said items there was no amount whatever due said defendant; that said Hess and Bockoven erroneously, mistakenly, and falsely represented and stated to George Baker, the then county treasurer, that the amount so computed by them was true and correct, and that Oklahoma county had received the sums of money set out in said computation as interest; that said amounts had been arrived at by an investigation of the county records of said county and were justly due and owing the Barber Asphalt Paving Company. It is further alleged that, relying upon said computation and the statements and representation so made to him, the said George Baker, county treasurer, represented to the county attorney of Oklahoma county and his assistant, John E. DuMars, that said sums were due and owing said Barber Asphalt Paving Company by the county; that, relying upon said statements and representations so made by said county treasurer, said John E. DuMars signed said agreed statement of facts, but that the representations and statements of said county treasurer were erroneous and false, and all parties were mutually mistaken as to the true facts regarding said methods of computation, the computations themselves, and the rules of law regarding the rights of the defendant herein, and had the said DuMars known the true facts he would not have signed said agreed statement of facts.

It is further alleged that the county commissioners and county attorney did not discover the falsity of said representations and did not discover the error and mistakes so made, until within two years prior to the bringing of said action; that the acts above set forth are fraudulent and amount to fraud practiced by said Barber Asphalt Paving Company, the plaintiff in said action; that in truth and in fact there was no sum due to the said Barber Asphalt Paving Company by reason of the cause of action set out in its petition, for the reason that the county treasurer did not collect any interest from the owners of property against whom said warrants stood as liens, other than that which had been paid to said company; that the only amount collected by said treasurer from said property owners was collected as penalty; that with reference to the interest set out in said warrants sued upon in said action, if the defendant was entitled to recover this interest out of said penalty so alleged to have been collected by said county treasurer, the Barber Asphalt Paving Company would not be entitled to any sum more than $600; that on the 22nd day of September, 1915, the Barber Asphalt Paving Company received from Oklahoma county the sum of $1,932.84, which sum was far in excess of any sum it was entitled to receive, and that said plaintiff was entitled to recover said sum from said defendant. It is further alleged that the statements and representations so made constituted casualty or misfortune which prevented the defendant in said action, to wit, the board of county commissioners, from defending said cause of action, in that but for said false and fraudulent representations to said board of county commissioners, it would have placed said Barber Asphalt Paving Company upon strict proof of the allegations in its petition.

It is further alleged that said stipulation was entered into without the knowledge or consent of the plaintiff; that the plaintiff is entitled to be relieved from the terms and conditions thereof; that said judgment so rendered was rendered without proper defense on behalf of said board of county commissioners; that the defense of said board was not presented to the court; that it was the duty of the county attorney to place the plaintiff in said action upon strict proof of the allegations of its petition, and that it was a breach of duty upon the part of the county attorney to enter into said stipulation, and that the board of county commissioners and the county attorney could not waive a defense to said action; that it was the duty of the county attorney to prepare and present a proper defense to said action; that if said judgment is not set aside, injustice will be done to the taxpayers and citizens of Oklahoma county in having to pay a judgment which is not justly due to said Barber Asphalt Paving Company; and prayed that said judgment be set aside, and for judgment against the Barber Asphalt Paving Company for the sum of $1,932.84, with interest thereon at the rate of 6 per cent. per annum from September 22, 1915.

The plaintiff in error insists that the assistant county attorney was not authorized to enter into said agreed statement of facts, or to confess judgment, and relies on sections 1497, 1499, 1501, 1554, and 1600 of Rev. Laws 1910, to sustain its position. Section 1554, Rev. Laws 1910, reads as follows:

"It shall be the duty of the county attorney to appear in the district, superior or county courts of his county and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party; and whenever the venue is changed in any criminal case, or in any civil action or proceeding in which his county or the state is interested or a party, it shall be the duty of the county attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed."

It is not contended that the assistant county attorney did not possess the same power as the county attorney, but the contention seems to be that the county attorney had no power or authority to enter into the agreed statement of facts. By section 1554, supra, it is made the duty of the county attorney to prosecute and defend any action or proceeding on behalf of the county. We can perceive no marked distinction between the relation of county attorney and the board of county commissioners in this case and that of attorney and client, and as an attorney for a private litigant has authority to stipulate as to the facts, we can see no reason why the county attorney might not submit the issues involved upon an agreed statement of facts. An attorney for a private litigant cannot confess judgment against his client without authority so to do, neither can the county attorney confess judgment against the board of county commissioners without authority to do so from said board, but the agreed statement of facts set out contains the statement that the county treasurer had collected the sums mentioned as interest on delinquent payments upon warrants owned by the Barber Asphalt Paving Company, and that the county of Oklahoma had said sum in its possession. This statement alone was sufficient upon which to base a judgment, and if the statement that "the plaintiff is entitled to judgment against Oklahoma county, Oklahoma, therefor," which it is claimed is in effect a confession of judgment, be eliminated, still

the court was justified in rendering the judgment it did. In the journal entry, a copy of which is attached to said petition, the court recites that, "the parties having entered into an agreed statement of facts, and filed the same in said cause, said statement of facts being presented to the court, and the court having heard the oral testimony, finds for the plaintiff that the allegations of its petition are true, etc.," showing that the court did not base its judgment alone upon the agreed statement of facts, but heard testimony in support of the allegations of the petition. The judgment further ordered the defendant in said cause to cause a proper levy of taxes to be made for the purpose of creating a fund to pay said judgment in the manner and form as required by law, and it is alleged in said petition that the Barber Asphalt Paving Company was paid the sum of $1,928.84 on September 22, 1915. This payment could not have been made without the sanction of the board of county commissioners, and shows that said board knew of said judgment at that time and regarded the same as correct and valid.

It is next urged that the allegations of the petition are sufficient to entitle the plaintiff to relief on the ground of fraud, and that the acts complained of constitute casualty or misfortune preventing the board of county commissioners from defending. By section 5267, Rev. Laws 1910, it is provided that "the district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made," on the following grounds:

"Fourth. For fraud, practiced by the successful party in obtaining the judgment or order. * * *

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

It seems to be the contention of counsel for plaintiff in error that, because it is alleged that Hess, representing the Barber Asphalt Paving Company, and Bockoven, representing the board of county commissioners, based their computation upon a mistaken view of the holding of the Supreme Court in the cases of Seymore v. Board of County Commissioners, and assumed that when the county treasurer made collection of penalties upon the installments due from the property owners, the warrant holders were entitled to interest as specified in said warrants out of said penalty, and that computation was acted upon by the parties to said action, and the trial court, that this

constituted fraud practiced by the defendant, the successful party, in obtaining such judgment, and amounted to unavoidable casualty or misfortune preventing the commissioners from defending the action. The plaintiff is in the attitude of seeking relief from a judgment rendered against it because, as alleged, its representative misconstrued the holding of this court in the two Seymore cases, and when sifted to its final analysis, this is the whole burden of its complaint. No bad faith or actual fraud is charged, but in reality it seeks to be relieved of the judgment, which, admitting the truth of the allegations of its petition, was rendered against it because of its own negligence. Had it, or its attorney, exercised ordinary diligence, the mistake complained of could have been foreseen and prevented. In Holderman et al. v. Jones (Kan.) 34 Pac. 352, it is said:

"It is the general rule that neither ignorance, mistake, nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating the judgment. Neither will relief be granted on the ground that the attorney, through design, ignorance, or negligence, mismanaged the defense. Freem. Judgm. par. 508. In Elder v. Bank, 12 Kan. 242, it was decided that 'when in an action regularly commenced and prosecuted without any fraud or fraudulent representations, judgment is rendered by consent against the defendants, they cannot thereafter have the judgment set aside, and a new trial granted, on the ground of the existence of a complete legal defense to the action, the nature and extent of which they were aware of at the time of the entry of judgment.' It was also held in Snow v. Mitchell, 37 Kan. 636, 15 Pac. 224, that 'no defense can be set up against a judgment which might, with proper diligence, been interposed in the action in which the judgment was rendered.' 'To entitle a party to enjoin a judgment he must show, not only that the judgment was unjust, but that it was not the result of any inattention or negligence on his part.' Hanna v. Morrow. 43 Ark. 107. 'Equity is loath to open a judgment at law and let in defenses which could have been made when the case was on trial at law, and before the judgment was rendered; and it will never do so when the negligence of the defendant at law is the reason given, or apparent from the facts, why such defense was not made.' Smith v. Phinizy, 71 Ga. 641."

—and we agree with the views therein expressed.

Furthermore, the judgment sought to be vacated was rendered on the 18th day of June, 1915, and this action was instituted on July 21. 1917. By the provisions of section 5274, Rev. Laws 1910, proceedings to vacate or modify a judgment for the causes assigned in said petition must have been brought within two years after the judgment was rendered. This action, not having been commenced within the time prescribed, is barred by said section of the statutes.

All the Justices concur, except KANE and MILLER, JJ., not participating.