### CLOPTON v. CARLOSS ET AL.

INJUNCTION: *Against judgments for errors.*

> A court of equity will not enjoin a judgment for irregularities and errors in the proceedings. All errors of decision and in the proceedings must be corrected in the court in which the suit originated, or by appeal to a higher court.

APPEAL from *Phillips* Circuit Court, in Chancery.
Hon. M. T. SANDERS, Circuit Judge.

*John C. Palmer* for appellant.

There was no service on defendants, nor any service of the so-called writ of attachment.

The *man* who served them was not an officer at all. The court acquired no jurisdiction *in rem* whatever. The judgment against Clopton was a nullity.

It is true there are many errors that can be waived by consent, but *consent can not give jurisdiction.* This the court could only acquire by service of the writ by an officer,

which was necessary to give validity to the bond, which is the foundation of the judgment against Clopton. *3 Ark.*, *532; 5 Ib., 409.*

Calling the case *an attachment* by the justice, does not make it so. The amendments were all made without any additional affidavit, bond or service. Clopton was misled by the action òf the justice, and did not consider himself in court, when the trial took place, or he would have appealed. It is clear that a fraud has been perpetrated.

*C. B. Powell* for appellee.

A court of equity will not correct errors in judgments of courts having jurisdiction. The remedy is by appeal. (*3 Wait's Actions and Defenses, 155; 3 Sneed, 271; 22 Wis., 311; Freeman on Judgments, sec. 487.*) It will vacate for fraud, but not when it does not appear the judgment defendant had a good defense on the merits. (*1 Ohio Dig., 693; 1 W. L. M., 278; 3 Ohio St , 445; Freeman on Judg., 448.*) No good defense is shown.

Where a defendant voluntarily enters his appearance jurisdiction is acquired. (*2 Ark., 449.*) Consent cures irregularities, and the agreement will be carried out by court. (*5 Ark., 252.*) The giving bond is an appearance. *6 Ark., 459; 23 Ib., 136.*

The acts of an officer *de facto* are legal. *38 Ark., 580, 150.*


SMITH, J. This is a bill to enjoin the execution of a judgment for $31, rendered by a justice of the peace. It appears that Carloss, in whose favor said judgment was rendered, held or claimed a landlord's lien upon certain seed cotton raised upon his land by his tenants, and that Clopton, who claimed the same cotton by virtue of a chattel mortgage, had removed the cotton against the protest

35

and objection of Carloss, and had caused it to be ginned and baled.

An action for the recovery of the property was then instituted and the cotton seized by the officer; Clopton being permitted to retain possession upon the execution of a bond conditioned to perform the judgment in the action. At the return day of the writ, the parties appeared and in open court entered into an agreement that the affidavit, writ and other papers and proceedings, should be so amended that the action should henceforward proceed as an attachment against the tenants, who were to be brought in; the cotton to be held by Clopton, subject to the final judgment, and the cause to be tried on its merits. To enable the parties to get ready, a continuance was had to a future day. At the adjourned day, Clopton appeared with his counsel, and claiming that the effect of the change in the proceedings had been to discharge him as a party to the action, refused to participate in the trial, and left the court-room. But the justice proceeded to try the case, gave judgment against the tenants, who had appeared, and also against Clopton, whom he treated as an interpleader, for the value of the cotton.

Upon the issue of an execution, Clopton filed his bill of injunction, alleging that he had no knowledge of the judgment until it was too late to take an appeal; that he had been misled by a statement of the attorney of Carloss to the effect that Clopton was no longer the defendant in the action, but might interplead if he chose; and also that he had been lulled into security by an assurance from the justice, after the trial, that no personal judgment had been entered against him. It was also set up that the person who had seized the cotton, taken Clopton's bond and performed other official acts in the progress of the action, professing to act as deputy sheriff, was not an officer at all, by

Clopton v. Carloss et al.

reason of the fact that his appointment had never been approved by the circuit or county court; and that the tenants, the principal defendants, had not been regularly served with process.

The transcript discloses glaring irregularities. But if we scanned proceedings before justices of the peace with too critical an eye, few or none of their judgments might be permitted to stand. When a party has once had an opportunity to be heard, and neglected it, he must abide the consequences. A court of equity can not relieve him, though the judgment is manifestly wrong. And if a final judgment can not be avoided in equity on account of errors of law entering into it and affecting the merits of the controversy, *a fortiori,* mere errors in proceeding will not have that effect. All errors of decision and of proceeding must be settled in the court where the suit originated, or by appeal to a higher tribunal. *Story Eq. Jur., sec. 1572; Freeman on Judgments, secs. 485-6-7.*

The Circuit Court found as a fact that Clopton was apprised of this judgment in time to prosecute an appeal, and that the evidence was insufficient to establish any fraud or collusion, whereby, without fault of his own, he was prevented from making his defense. And its findings are too well supported by the testimony to be lightly disturbed. Substantial justice seems to have been done. There is no allegation or proof that the result would, or ought to have been different, if Clopton had appealed from the justice's judgment; nothing, in short, to show that the cotton should have been appropriated to his debt, rather than to the satisfaction of Carloss's rent.

The decree below dismissing the bill is affirmed.