MATKIN v. CRAMER COTTON COMPANY.

Opinion delivered June 25, 1923.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—
   A chancellor's finding of facts will not be disturbed on appeal unless it is against the weight of the evidence.

2. JUDGMENT—RELIEF AGAINST, IN EQUITY.—Equity will not grant relief against a judgment at law for errors which should have been corrected in the trial court or on appeal.

3. JUDGMENT—RELIEF IN EQUITY.—To entitle a party to have equitable relief against a judgment at law, it must appear that the party complaining was not guilty of inattention or negligence.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

STATEMENT OF FACTS.

E. B. Matkin brought this suit in equity against the Cramer Cotton Company and W. N. Wilkes, as sheriff of Woodruff County, to set aside a judgment rendered in the circuit court against him in favor of the first-named defendant, and to enjoin the sheriff from levying an execution issued on said judgment.

It appears that Matkin had shipped 25 bales of cotton to the Cramer Cotton Company to be sold for him by it. According to the evidence adduced in behalf of Matkin, the Cramer Cotton Company sold the cotton contrary to his orders, after the market had gone down, and thereby caused him damage in a material sum.

According to the testimony of the Cramer Cotton Company, it sold the cotton according to contract, and Matkin finally gave it his promissory note for the bal-

ance due it for advances. Suit was brought on the note by the Cramer Cotton Company against E. B. Matkin in the circuit court, and judgment was rendered in its favor against him. Subsequently an execution was issued on said judgment and placed in the hands of the sheriff, to be levied by him on the property of Matkin, to satisfy said judgment.

According to the evidence for the plaintiff, he had a meritorious defense to the action brought against him in the circuit court by the Cramer Cotton Company, and N. A. Cramer, the principal owner of the stock in said company, promised not to take judgment against him at the term of court at which the judgment in question was rendered.

According to the testimony of N. A. Cramer, he had not seen E. B. Matkin for some time before the suit in the circuit court was filed, and did not promise him that judgment would not be taken in the suit at the term of court at which the judgment in question was rendered, or at any other time.

The chancellor found the issue in favor of the defendants, and the complaint of the plaintiff was dismissed for want of equity.

A temporary injunction which had been issued in the suit in favor of the plaintiff was dissolved. The plaintiff has duly prosecuted an appeal to this court.

*R. M. Hutchins* and *Mehaffy, Donham & Mehaffy,* for appellant.

The judgment was obtained by fraud, and the testimony shows appellant had a meritorious defense; and that he had no adequate remedy at law, appellee being insolvent. The chancery court should have enjoined the collection of the judgment. 120 Ark. 151; 61 Ark. 341; 40 Ark. 551; 40 Ark. 338; 35 Ark. 123; 23 Cyc. 991, 1010, 1024, 1028; 74 Ark. 292; 73 Ark. 555; 51 Ark. 341. Appellant has a cause of action against appellees upon which he should have been given judgment, which could have been enforced by enjoining the collection of ap-

'pellant's judgment, or a set-off of judgments.   23 Cyc. 1019; 32 Ark. 478.   The court erred in not affording this relief, and the decree should be reversed.

*Brundidge & Neelly*, for appellees.

Appellant, having filed a stay bond after the rendition of the judgment, was not entitled to prosecute this appeal, which should be dismissed.   141 Ark. 587;   136 Ark. 348.   The chancery court was without jurisdiction to issue an injunction, and the chancellor's findings are supported by the testimony.   C. & M. Digest, §§ 5788, 6990, 6295.   Appellant had adequate remedy at law.   58 Ark. 317.

HART, J., (after stating the facts).   According to the allegations of the complaint, the judgment in favor of the Cramer Cotton Company against E. B. Matkin in the circuit court was procured by fraud.   In other words, it is the contention of Matkin that he had a meritorious defense to the action, and that the Cramer Cotton Company took judgment against him after promising him that no action would be taken in the case at that term of the court.

N. A. Cramer, the principal stockholder and manager of the Cramer Cotton Company, denied that he made any agreement with Matkin not to take judgment against him at the term of the court during which the judgment in question in the circuit court was rendered, or at any other time.

The chancellor found the issue in this respect in favor of the defendant, Cramer Cotton Company, and it cannot be said that his finding on this point is against the weight of the evidence.

Under a long course of decisions in this State, a finding of fact made by a chancellor will not be disturbed on appeal unless it is against the weight of the evidence. Hence a court of equity cannot relieve the plaintiff in this case, though the judgment against him in the circuit court was manifestly wrong.   The alleged errors in the case against Matkin in the circuit court should have

been settled in that court, or by appeal to this court. It must appear that the judgment complained of was not the result of any inattention or negligence on the part of Matkin, and he must show a clear case of diligence to entitle himself to an injunction. *Clopton* v. *Carloss,* 42 Ark. 560, and *Hanna* v. *Morrow*, 43 Ark. 107.

It is the duty of a litigant to keep himself informed of the progress of his case, and a court of equity will not relieve him if the taking of the judgment appears to have been due to his own carelessness in not defending the suit. *Trumbull* v. *Harris,* 114 Ark. 493.

It follows that the decree must be affirmed.